# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA, DUBLIN DIVISION

**CHRISTOPHER BAUGHCUM JR.**

**ZANE MEYERS,**

**SOPHIE LONG, and**

**FIREARMS POLICY COALITION, INC.,**                42 U.S.C. § 1983

*Plaintiffs,*

Civil Action No. _____

        **v.**

**GENOLA JACKSON, in her individual capacity and in her official capacity as Judge of the Laurens County Probate Court,**

**JANICE D. SPIRES, in her individual capacity and in her official capacity as Judge of the Houston County Probate Court,**

**KATHRYN B. MARTIN, in her individual capacity and in her official capacity as Judge of the Lamar County Probate Court,**

**CHRIS WRIGHT, in his individual capacity and in his official capacity as Commissioner of the Department of Public Safety,**

*Defendants.*

## **COMPLAINT**

COME NOW Plaintiffs Christopher Baughcum Jr., Zane Myers, Sophie Long, and Firearms Policy Coalition, Inc., by and through their attorneys, and complain of Defendants Genola Jackson, Janice D. Spires, Kathryn B. Martin, and Chris Wright as follows:

## **INTRODUCTION**

1. This is an action to uphold the right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution. This right "guarantee(s) the individual right to possess and carry" firearms. *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).

2. In *Heller*, the U.S. Supreme Court defined "bear arms" as to "wear, bear, or carry . . . upon the person or in the clothing or in a pocket, for the purpose . . . of being armed and ready for offensive or defensive action in a case of conflict with another person." *Id*. at 584.

3. In *McDonald v. City of Chicago*, 561 U.S. 742, 750, 791 (2010), the Supreme Court confirmed that the rights protected by the Second Amendment are "among those fundamental rights necessary to our system of ordered liberty," and held that the Second Amendment is applicable to the States under the Fourteenth Amendment.

4. "The very enumeration of the right (to keep and bear arms) takes out of the hands of government—even the Third Branch of Government—the power to decide on a case-by-case basis whether the right is really worth insisting upon." *Heller*, 554 U.S. at 634. "Constitutional rights are enshrined with the scope they were understood to

2

have when the people adopted them, whether or not future legislatures or (yes) even future judges think that scope too broad." *Id*. at 634-35.

5.     In *Heller*, the Supreme Court held that the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *Heller*, 554 U.S. at 592. This right is particularly important when it comes to handguns, as the *Heller* Court recognized that the handgun is "the quintessential self-defense weapon" in the United States, and the Court identified invalidated bans on carrying handguns as among the most "severe restriction(s)" in our Nation's history. *See id.* at 629 (citing, *e.g.*, *Nunn v. State*, 1 Ga. 243, 251 (1846)).

6.     Plaintiffs wish to exercise their fundamental, constitutionally guaranteed right to carry loaded, operable handguns on their person, outside their homes, while in public, for lawful purposes including immediate self-defense. But they cannot because of the laws, regulations, policies, practices, and customs that Defendants have been enforcing and continue to actively enforce today.

7.     The State of Georgia prohibits a certain class of law-abiding, responsible citizens— namely, adults who have reached the age of 18 but are not yet 21—from fully exercising the right to keep and bear arms. At 18 years of age, law-abiding citizens in this country are considered adults for almost all purposes and certainly for the purposes of the exercise of fundamental constitutional rights. Yet the State bans such persons from carrying a handgun in public for general self-defense, even while allowing qualified adults of all other ages to obtain a license to carry in public.

2

8.   Georgia generally prohibits carrying a handgun "without a valid weapons carry license." O.G.C.A. § 16-11-126; *id.* § 16-11-125.1(5).

9.   But under O.G.C.A. § 16-11-129(b)(2)(A), except for active or honorably discharged members of the armed forces, "[n]o weapons carry license shall be issued to . . . [a]ny person younger than 21 years of age. . . ."

10.  O.G.C.A. §§ 16-11-126, 16-11-129(b)(2)(A), and all related laws, regulations, policies, practices, and customs are referred to collectively herein as the "18-to-20-Year-Old Carry Ban."

11.  Plaintiffs Baughcum, Meyers, and Long, and similarly situated members of Plaintiff Firearms Policy Coalition, Inc. ("FPC"), are ordinary, law-abiding, adult individuals over 18 years old but under 21 years old. Under the 18-to-20-Year-Old Carry Ban, they are ineligible to receive a license to carry weapons although they are adult individuals over 18 years old, because they are under 21. O.G.C.A. § 16-11-129(b)(2)(A).

12.  Throughout American history, arms carrying was a right available to all peaceable citizens. Sometimes, it was even a duty. *See e.g.*, David B. Kopel & Joseph G.S. Greenlee, *The Second Amendment Rights of Young Adults*, 43 S. Ill. U. L.J. 495, 573–577, 587 (2019) (listing statutes requiring arms carrying by members of the general public to travel, work in the fields, work on roads and bridges, attend church, and attend court).

13.  Moreover, adults between 18 and 21 were fully protected by the Second Amendment at the time of its ratification. Hundreds of statutes from the colonial

2

and founding eras required 18-to-20-year-olds to keep and bear arms. *See generally The Second Amendment Rights of Young Adults*, 43 S. Ill. U. L.J. at 573–577, 587.

14. At the time of the Founding, peaceable individuals aged 18 and above had the right to carry arms for self-defense and other lawful purposes.

15. Yet, Georgia law bans the exercise of this right for Plaintiffs Baughcum, Meyers, and Long, and all similarly situated 18-to-20-year-old Georgia residents, by rendering them statutorily ineligible for the license that the State mandates to lawfully carry a handgun within its borders, on pain of criminal sanction, O.G.C.A. § 16-11-126(i).

16. Such a ban is in direct violation of Plaintiffs' and Plaintiffs' members' fundamental, individual right to carry loaded handguns outside the home under the Second and Fourteenth Amendments to the United States Constitution, as interpreted by the United States Supreme Court in *Heller* and *McDonald*.

17. Moreover, while the ban is unconstitutional on its face, it is particularly illegitimate as applied to women such as Plaintiff Long. Female individuals between the ages of 18 and 21 commit violent offenses at an exceptionally low rate, and there is absolutely no basis for broadly prohibiting them from carrying firearms in public.

## **PARTIES**

18. Plaintiff Baughcum is a natural person, over the age of 18 but under the age of 21, a citizen of Laurens County, Georgia, and the United States. Plaintiff Baughcum has never been charged with nor convicted of any misdemeanor or felony offense. It is his present intention and desire to obtain the license mandated by Georgia law

and to lawfully carry a handgun in public, including for purposes of general self-defense. He is prevented from doing so, however, by Defendants' active enforcement of the 18-to-20-Year-Old Carry Ban, which threatens him with arrest, prosecution, and sanction.

19. Zane Meyers is a natural person, over the age of 18 but under the age of 21, and a citizen of Houston County, Georgia, and the United States. Plaintiff Meyers has never been charged with nor convicted of any misdemeanor or felony offense. It is his present intention and desire to obtain the license mandated by Georgia law and to lawfully carry a handgun in public, including for purposes of self-defense. He is prevented from doing so, however, by Defendants' active enforcement of the 18-to-20-Year-Old Carry Ban, which threatens him with arrest, prosecution, and sanction.

20. Plaintiff Sophie Long is a natural person, over the age of 18 but under the age of 21, and a citizen of Lamar County, Georgia, and the United States. Plaintiff Long has never been charged with nor convicted of any misdemeanor or felony offense. It is her present intention and desire to obtain the license mandated by Georgia law and to lawfully carry a handgun in public, including for purposes of self-defense. She is prevented from doing so, however, by Defendants' active enforcement of the 18-to-20-Year-Old Carry Ban, which threatens her with arrest, prosecution, and sanction.

21. Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a 501(c)(4) non-profit organization incorporated under the laws of Delaware with its principal place of business in Sacramento, California. The purposes of FPC include defending and promoting the People's rights—especially the fundamental, individual Second

2

Amendment right to keep and bear arms—advancing individual liberty, and restoring freedom. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC's members reside both within and outside Georgia. FPC brings this action on behalf of its 18-20-year-old members in Georgia who have been adversely and directly harmed by Defendants' enforcement of the laws, regulations, policies, practices, and customs challenged herein.

22. Defendant Genola Jackson is sued in her individual capacity and in her official capacity as Judge of the Laurens County Probate Court. As Probate Judge, Jackson is responsible for administering and enforcing in Plaintiff Baughcum's County O.G.C.A. § 16-11-129, including subsection (b)(2)(A). *See, e.g.*, O.G.C.A. § 16-11-129 ("The judge of the probate court of each county shall, on application under oath, on payment of a fee of $30.00, and on investigation of the applicant pursuant to subsections (b) and (d) of this Code section, issue a weapons carry license or renewal license valid for a period of five years to any person whose domicile is in that county. . . .").

23. Defendant Janice D. Spires is sued in her individual capacity and in her official capacity as Judge of the Houston County Probate Court. As Probate Judge, Spires is responsible for administering and enforcing in Plaintiff Meyers' County O.G.C.A. § 16-11-129, including subsection (b)(2)(A). *See, e.g.*, *id.* § 16-11-129.

24. Defendant Kathryn B. Martin is sued in her individual capacity and in her official capacity as Judge of the Lamar County Probate Court. As Probate Judge, Martin is

responsible for administering and enforcing in Plaintiff Long's County O.C.G.A. § 16-11-129, including subsection (b)(2)(A). *See, e.g.*, *id.* § 16-11-129.

25. Defendant Chris Wright is sued in his individual capacity and in his official capacity as Commissioner of the Department of Public Safety. As Commissioner, Wright is responsible for "furnish[ing] application forms and license forms" for weapons carry or renewal licenses. O.C.G.A. § 16-11-129(a)(3)(B)(iii).

## JURISDICTION AND VENUE

26. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343.

27. This action for violation of Plaintiffs' constitutional rights is brought under 42 U.S.C. § 1983 and seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, as well as nominal damages pursuant to 42 U.S.C. § 1983 and attorneys' fees pursuant to 42 U.S.C. § 1988.

28. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## GEORGIA'S 18-TO-20-YEAR-OLD CARRY BAN

29. In the State of Georgia, "[n]o person shall carry a weapon without a valid weapons carry license unless he or she meets [certain limited] exceptions to having such license . . . ." O.C.G.A. § 16-11-126(h).

30. For purposes of section 16-11-126(h), " '[w]eapon' means a knife or handgun." *See id.* § 16-11-125.1(5).

31. And no exception to section 16-11-126(h) exists for Georgia residents carrying a loaded handgun in public for purposes of self-defense. *Cf. id.* § 16-11-126(a)–(f).

2

32.   Moreover, although "[d]efense of self or others, as contemplated by and provided for under Article 2 of Chapter 3 of this title, shall be an absolute defense to any violation under [section 16-11-126(h)]," *id.* § 16-11-138, that is an affirmative defense, *id.* § 16-3-28(e), applicable only if one faces an identifiable person's "imminent use of unlawful force," *id.* § 16-3-28(c), or in similar "instances which stand upon the same footing of reason and justice," *id.* § 16-3-20(6).

33.   Thus, "without a valid weapons carry license," no ordinary[1] Georgia resident shall carry a loaded handgun in public for purposes of general self-defense. *See id.* § 16-11-126.

34.   O.G.C.A. § 16-11-129 establishes the procedure for the issuance of the Georgia weapons carry license.

35.   Under O.G.C.A. § 16-11-129(b)(2)(A), except for active or honorably discharged members of the Armed Forces, "[n]o weapons carry license shall be issued to . . . [a]ny person younger than 21 years of age. . . ."

36.   In short, Georgia bars ordinary law-abiding adults who are 18 to 20 years old from obtaining a weapons carry license and from carrying a loaded handgun for purposes of general self-defense.

37.   A first violation of the State's statutory scheme is a crime punishable by $1,000 fine and twelve months' imprisonment, *id.* §§ 16-11-126(i); 17-10-3, and each

---

[1] Under O.G.C.A. § 16-11-130, various active and retired public officers are generally exempt from section 16-11-126.

subsequent violation within a five-year span is a felony to be punished by imprisonment of not less than two years and up to 5 years, *id.* § 16-11-126(i).

## STATEMENT OF FACTS RELATING TO PLAINTIFF CHRISTOPHER BAUGHCUM JR.

38.   Plaintiff Baughcum is an 18-year-old resident of Laurens County, Georgia.

39.   Plaintiff Baughcum is a full-time student who also works part time in a machine shop.

40.   Plaintiff Baughcum is a responsible citizen not disqualified from exercising his Second Amendment rights.

41.   He is not ineligible for a weapons carry license under any of the statutory criteria except his age.

42.   He has never been a member of the Armed Forces.

43.   Plaintiff Baughcum is a member of Plaintiff FPC.

44.   He has become increasingly concerned with the recent increase in violent crime in his area. Specifically, Plaintiff Baughcum's job requires that he regularly travel alone to higher crime areas to drop off finished product and pick up raw materials.

45.   Yet, Plaintiff Baughcum faces no known imminent use of unlawful force at the hands of an identifiable person.

46.   Plaintiff Baughcum currently owns a Smith and Wesson Shield EZ handgun and would lawfully carry it loaded in public for general self-defense if he could lawfully do so.

47.     Defendants, however, by their active enforcement of the 18-to-20-Year-Old Carry Ban, are precluding Plaintiff Baughcum from obtaining a weapons license and prohibiting him from carrying a loaded handgun in public for general self-defense.

48.     Based on Defendants' active enforcement of the 18-to-20-Year-Old Carry Ban, should Plaintiff Baughcum carry a loaded handgun in public for general self-defense or other lawful purposes, he will be subject to arrest, prosecution, and penal sanction.

49.     Thus, although Plaintiff Baughcum can vote, serve on a jury, hold public office, marry, sign legally binding contracts, join the Armed Forces, and be held fully accountable before the law for criminal acts to the point of being executed, *see* 18 U.S.C. § 3591, Defendants' enforcement of the 18-to-20-Year-Old Carry Ban bars Plaintiff Baughcum from carrying a loaded handgun in public for general self-defense in this State.

50.     Plaintiff Baughcum is a responsible, peaceable citizen who is otherwise fully eligible for a weapons carry license and has no history of violent behavior or other conduct that would pose any threat or danger to the public.

51.     Plaintiff Baughcum desires to obtain a weapons carry license, so that he would be exempt from the prohibitions imposed by Section 16-11-126 and be able to carry a loaded handgun in public in the lawful exercise of his fundamental right to keep and bear arms for his self-defense and other lawful purposes.

52.  Plaintiff Baughcum has abstained from carrying a handgun in public for all lawful purposes including self-defense, for fear of arrest, prosecution, and penal sanction by and through Defendants' enforcement of the 18-to-20-Year-Old Carry Ban.

## STATEMENT OF FACTS RELATING TO PLAINTIFF MEYERS

53.  Plaintiff Meyers is a 19-year-old resident of Houston, Georgia.

54.  He works full-time as an electrician.

55.  Meyers is a responsible citizen not disqualified from exercising his Second Amendment rights.

56.  He is not ineligible for a weapons carry license under any of the statutory criteria except his age.

57.  He has never been a member of the Armed Forces.

58.  Plaintiff Meyers is a member of Plaintiff FPC.

59.  He frequently travels to and from work sites alone, and in a work truck that contains high-dollar tools and other equipment. His work often necessitates that he work alone and in public areas where he feels the need to be able to effectively protect himself.

60.  Yet, Meyers faces no known imminent use of unlawful force at the hands of an identifiable person.

61.  Plaintiff Meyers currently owns a handgun that he would carry in public for general self-defense and all other lawful purposes if it were legal for him to do so.

62. Defendants, however, by their active enforcement of the 18-to-20-Year-Old Carry Ban, are precluding Plaintiff Meyers from obtaining a weapons license and prohibiting him from carrying a loaded handgun in public for general self-defense.

63. Based on Defendants' active enforcement of the 18-to-20-Year-Old Carry Ban, should Plaintiff Meyers carry a loaded handgun in public for general self-defense or other lawful purposes, he will be subject to arrest, prosecution, and penal sanction.

64. Thus, although Meyers can vote, serve on a jury, hold public office, marry, sign legally binding contracts, join or be drafted into the Armed Forces, or be called upon for federal and state militia service, and be held fully accountable before the law for criminal acts to the point of being executed, *see* 18 U.S.C. § 3591, Defendants' enforcement of the 18-to-20-Year-Old Carry Ban bars Meyers from carrying a loaded handgun in public for general self-defense in this State.

65. Plaintiff Meyers is a responsible, peaceable citizen who is otherwise fully eligible for a permit and has no history of violent behavior or other conduct that would pose any threat or danger to the public.

66. Meyers desires to obtain a weapons license, so that he would be exempt from the prohibitions imposed by Section 16-11-126 and be able to carry a loaded handgun in public in the lawful exercise of his fundamental right to keep and bear arms for his self-defense and other lawful purposes. If the 18-to-20-Year-Old Carry Ban is invalidated or repealed he will apply for a license to carry forthwith.

67.   Plaintiff Meyers has abstained from carrying a handgun in public for all lawful purposes including self-defense, for fear of arrest, prosecution, and penal sanction by and through Defendants' enforcement of the 18-to-20-Year-Old Carry Ban.

## STATEMENT OF FACTS RELATING TO
## PLAINTIFF LONG

68.   Plaintiff Long is an 18-year-old resident of Lamar County, Georgia.

69.   Plaintiff Long is a full time student, dual enrolled in High School and her local Community College. She also works part time as a barista.

70.   Plaintiff Long is a responsible citizen not disqualified from exercising her Second Amendment rights.

71.   She is not ineligible for a weapons carry license under any of the statutory criteria except her age.

72.   She has never been a member of the Armed Forces.

73.   Plaintiff Long is a member of Plaintiff FPC.

74.   Plaintiff Long frequently goes into town alone to run errands, shop, or get gasoline. The area has a reputation locally for being prone to street crime, and both Long and her friends in the area have been subject to harassment when out and about.

75.   Yet, Long faces no known imminent use of unlawful force at the hands of an identifiable person.

76.   Plaintiff Long would lawfully acquire a handgun and carry it loaded in public for general self-defense if she were able to do so lawfully.

77.     Defendants, however, by their active enforcement of the 18-to-20-Year-Old Carry Ban, are precluding Plaintiff Long from obtaining a weapons license and prohibiting her from carrying a loaded handgun in public for general self-defense.

78.     Based on Defendants' active enforcement of the 18-to-20-Year-Old Carry Ban, should Plaintiff Long carry a loaded handgun in public for general self-defense or other lawful purposes, she will be subject to arrest, prosecution, and penal sanction.

79.     Thus, although Plaintiff Long can vote, serve on a jury, hold public office, marry, sign legally binding contracts, join the Armed Forces, and be held fully accountable before the law for criminal acts to the point of being executed, *see* 18 U.S.C. § 3591, Defendants' enforcement of the 18-to-20-Year-Old Carry Ban bars Long from carrying a loaded handgun in public for general self-defense in this State.

80.     Plaintiff Long is a responsible, peaceable citizen who is otherwise fully eligible for a permit and has no history of violent behavior or other conduct that would pose any threat or danger to the public.

81.     Long desires to obtain a weapons license, so that she would be exempt from the prohibitions imposed by Section 16-11-126 and be able to carry a loaded handgun in public in the lawful exercise of her fundamental right to keep and bear arms for her self-defense and other lawful purposes. If the 18-to-20-Year-Old Carry Ban is invalidated or repealed she will apply for a license to carry forthwith.

82.     Plaintiff Long has abstained from carrying a handgun in public for all lawful purposes including self-defense, for fear of arrest, prosecution, and penal sanction by and through Defendants' enforcement of the 18-to-20-Year-Old Carry Ban.

2

## HISTORY AND EFFECTS OF PUBLIC CARRY

83.     On May 8, 1792, mere months after ratification of the Second Amendment,
        Congress mandated that "every free able-bodied white male citizen . . . *who is or*
        *shall be of the age of eighteen years*, and under the age of forty-five years (except
        as is herein after excepted) shall severally and respectively be enrolled in the
        militia." 1 Stat. 271 ("Militia Act") (emphasis added).

84.     In the individual States, males aged 18 were enrolled.

85.     Individuals within Plaintiffs' 18-20-year-old age group pose a lesser risk of
        perpetrating violent crime compared to their older counterparts. For example, 18-
        to-20-year-olds were arrested for 41,250 violent crimes in 2019, compared to 58,850
        violent-crime arrests for 21-to-24-year-olds, Off. of Juvenile Justice & Delinquency
        Programs, *Estimated number of arrests by offense and age group, 2019, Gender:*
        *All*, U.S. Dep't of Just. (Nov. 16, 2020), https://bit.ly/3eOU8Gl.

86.     Only 320.8 out of every 100,000 18-to-20-year-olds were arrested for violent crimes
        in 2019, compared to 338.9 out of every 100,000 21-to-24-year-olds. Off. of
        Juvenile Justice & Delinquency Programs, *Arrest Rates by offense and age group,*
        *Gender: All*, U.S. Dep't of Just. (Nov. 16, 2020), https://bit.ly/3gWR4KP.

87.     Female individuals within the 18-to-20 age group pose a minimal risk of
        perpetrating violent crime of any kind compared to their male counterparts.

88.     In 2019, 18-20-year-old women were arrested for fewer than one-twelfth as many
        murders and nonnegligent manslaughters as 21-24-year-old men. *Compare*
        *Estimated number of arrests by offense and age group, 2019, Gender: Males*, Law

2

Enforcement & Juvenile Crime, *supra*, https://bit.ly/3reYudS (1,620 homicides or negligent manslaughters); *with id.*, *Gender: Females*, https://bit.ly/3fcZwoF (120 murders or nonnegligent manslaughters). Overall, 21-24-year-old men are roughly *four times* likelier than 18-20-year-old women to be arrested for a violent crime. *Compare Arrest rates by offense and age group: 2019, Gender: Males*, Law Enforcement & Juvenile Crime, *supra*, https://bit.ly/31yvZ0h (0.51 percent of 21-24-year-old men arrested for violent crimes in 2019); *with Arrest rates by offense and age group: 2019, Gender: Females*, *id.*, https://bit.ly/3mbxA65 (0.13 percent of 18-20-year-old women arrested for violent crimes in 2019).

89.   In 2018, women perpetrated only 17.6 percent of violent incidents, whereas men perpetrated 86.3 percent,[2] and women were victims of 57.7 percent of violent incidents. *Criminal Victimization, 2018 – Supplemental Tables*, Bureau of Just. Stats., Off. of Just. Progs., U.S. Dep't of Just. 1 tbl. 12a. (July 2020), https://bit.ly/3lJ8ISA.

### COUNT I: GEORGIA'S 18-TO-20-YEAR-OLD CARRY BAN IS UNCONSTITUTIONAL FACIALLY AND AS APPLIED UNDER THE SECOND AND FOURTEENTH AMENDMENTS
#### (*All Plaintiffs v. Defendants*)

90.   The foregoing paragraphs are hereby incorporated herein as if set forth in full.

---

[2] Only female offenders committed 13.7 percent of violent incidents; only male offenders committed 82.4 percent; both male and female offenders committed 3.9 percent. *Criminal Victimization, 2018 – Supplemental Tables*, Bureau of Just. Stats., Off. of Just. Progs., U.S. Dep't of Just. 1 tbl. 12a. (July 2020), https://bit.ly/3lJ8ISA.

91.  The Second Amendment of the United States Constitution provides that "the right of the people to keep and bear arms shall not be infringed." This constitutional guarantee is incorporated against the States through the Fourteenth Amendment. *McDonald*, 561 U.S. at 791; *id.* at 806 (Thomas, J., concurring in the judgment).

92.  The Supreme Court has held that the right to keep and bear arms, for self-defense and other lawful purposes, is a fundamental right. *Heller*, 554 U.S. at 581.

93.  In *Heller*, the U.S. Supreme Court defined "bear arms" as to "wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." 554 U.S. at 584.

94.  42 U.S.C. § 1983 prohibits state actors from depriving a person of a federal constitutional rights under color of state law.

95.  Plaintiffs Baughcum, Meyers, and Long, along with other similarly situated 18-to-20-year-old members of FPC in Georgia, are law-abiding, peaceable citizens of Georgia and the United States who desire to lawfully own, possess, and utilize firearms, and to carry loaded handguns on public streets and public property for general self-defense throughout this State without being subject to arrest, prosecution, and penal sanction.

96.  Defendants have violated the right of Plaintiffs and all other similarly situated members of FPC to keep and bear arms by and through their enforcement of O.G.C.A. § 16-11-126, O.G.C.A. § 16-11-129, and related laws, regulations,

2

policies, practices, and customs preventing them from carrying a loaded handgun in public in the lawful exercise of their fundamental right to do so.

97.     Defendants' enforcement of Sections 16-11-126 and 16-11-129 and related laws, regulations, policies, practices, and customs is an infringement and an impermissible burden on the right of Plaintiffs and all other similarly situated members of FPC to keep and bear arms under the Second and Fourteenth Amendments of the United States Constitution.

98.     Even if the Georgia ban were subject to means-end scrutiny, prohibiting 18-to-20-year-old adults from carrying handguns does not substantially advance a government interest in public safety. Available data show that 18-to-20-year-old adults commit *fewer* violent crimes than those who are 21-to-24-years-old. *See* Off. of Juvenile Justice & Delinquency Programs, *Estimated number of arrests by offense and age group, 2019, Gender: All*, U.S. Dep't of Just. (Nov. 16, 2020) (showing that 18-to-20-year-olds were arrested for 41,250 violent crimes in 2019, compared to 58,850 violent-crime arrests for 21-to-24-year-olds), https://bit.ly/3eOU8Gl; Off. of Juvenile Justice & Delinquency Programs, *Arrest Rates by offense and age group, Gender: All*, U.S. Dep't of Just. (Nov. 16, 2020) (showing that 320.8 out of every 100,000 18-to-20-year-olds were arrested for violent crimes in 2019, compared to 338.9 out of every 100,000 21-to-24-year-olds). https://bit.ly/3gWR4KP. Because 18-to-20-year-old adults pose a lesser threat to public safety than individuals who are only marginally older than them, the

2

prohibition on 18-to-20-year-olds carrying handguns cannot withstand any potentially applicable level of constitutional scrutiny.

99. Defendants' active enforcement of the laws and related regulations, customs, practices, and policies challenged herein forces Plaintiffs and all other similarly situated members of FPC either to comply with the unconstitutional licensing prohibition—thereby relinquishing their fundamental right to armed defense of themselves and their loved ones in public places—or to be subject to arrest, prosecution, and penal sanction.

100. As a direct and proximate result of the above infringement and impermissible burden on the right of Plaintiffs and all other similarly situated members of FPC under the Second and Fourteenth Amendments, Plaintiffs and all other similarly situated members of FPC have suffered an unlawful deprivation of their fundamental constitutional right to keep and bear arms and will and continue to suffer such injury unless and until granted the relief they seek herein.

### COUNT II: GEORGIA'S 18-TO-20-YEAR-OLD CARRY BAN IS UNCONSTITUTIONAL AS APPLIED TO 18-TO-20-YEAR-OLD WOMEN UNDER THE SECOND AND FOURTEENTH AMENDMENTS
*(Plaintiffs Long, FPC v. Defendants)*

101. The foregoing paragraphs are hereby incorporated herein as if set forth in full.

102. As detailed above, the 18-to-20-Year-Old Carry Ban precludes law-abiding adults between the ages of 18 and 21 from carrying loaded handguns in public for the purpose of general self-defense.

2

103.    Even if constitutional on its face, this ban violates the Second Amendment rights of Plaintiff Long, and all other similarly situated female members of FPC in Georgia between the ages of 18 and 21.

104.    Female individuals within this age group pose a minimal risk of perpetrating violent crime compared to their male counterparts. In 2019,18-20-year-old women were arrested for fewer than one-twelfth as many murders and nonnegligent manslaughters, as 21-24-year-old men. *Compare Estimated number of arrests by offense and age group, 2019, Gender: Males*, Law Enforcement & Juvenile Crime, *supra*, https://bit.ly/3reYudS (1,620 homicides or negligent manslaughters); *with id.*, *Gender: Females*, https://bit.ly/3fcZwoF (120 murders or nonnegligent manslaughters). Overall, 21-24-year-old men are roughly *four times* likelier than 18-20-year-old women to be arrested for a violent crime. *Compare Arrest rates by offense and age group: 2019, Gender: Males*, Law Enforcement & Juvenile Crime, *supra*, https://bit.ly/31yvZ0h (0.51 percent of 21-24-year-old men were arrested for violent crimes in 2019); *with Arrest rates by offense and age group: 2019, Gender: Females*, *id.*, https://bit.ly/3mbxA65 (0.13 percent of 18-20-year-old women were arrested violent crimes in 2019).

105.     In 2018, women perpetrated only 17.6 percent of violent incidents, whereas men perpetrated 86.3 percent, and women were victims of 57.7 percent of violent incidents. *Criminal Victimization, 2018*, *supra*, at 1 tbl. 12a.

106.    Only *0.13 percent* of 18-to-20-year-old women were arrested for any violent crime at all in 2019, *see Arrest rates by offense and age group, 2019, Gender: Females*,

2

Law Enforcement & Juvenile Crime, *supra*, https://bit.ly/3173Kph. In 2018, the rate was 0.15 percent, *see Arrest rates by offense and age group, 2018, Gender: Females*, *id.*, https://bit.ly/2ORyCb9, and in 2017, it was 0.15 percent, *see Arrest rates by offense and age group, 2017, Gender: Females*, *id.*, https://bit.ly/3cdULsP. The near-total majority of 18-to-20-year-old women pose no threat to public safety.

107. The State has not provided and cannot provide any legitimate justification for denying law-abiding, 18-to-20-year-old women the right to lawfully exercise their fundamental right to carry handguns in public for self-defense and other lawful purposes.

108. Without any legitimate justification, much less one of a "compelling" or "substantial" nature as required to survive heightened scrutiny, to the extent a scrutiny analysis applies, Georgia's 18-to-20-Year-Old Carry Ban is unconstitutional, void, and invalid as applied to women between the ages of 18 and 21. Defendants' active enforcement of it constitutes an actionable violation of 42 U.S.C. § 1983 redressable through the relief Plaintiffs seek in this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, as follows:

a) Declare that the 18-to-20-Year-Old Carry Ban consisting of O.G.C.A. § 16-11-126, O.G.C.A. § 16-11-129, and all related laws, regulations, policies, procedures, practices, and customs and all related laws, regulations, policies, and procedures, violates—facially, as applied to otherwise qualified 18-20-year-olds, or,

2

alternatively, as applied to otherwise qualified 18-20-year-old women—the right of Plaintiffs and Plaintiffs' similarly situated members to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution;

b) Enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing, against Plaintiffs and Plaintiffs' similarly situated members, the 18-to-20-Year-Old Ban consisting of O.G.C.A. § 16-11-126, O.G.C.A. § 16-11-129, and all related laws, regulations, policies, procedures, practices, and customs that would impede or criminalize Plaintiffs' and Plaintiffs' similarly situated members' exercise of their right to keep and bear arms;

c) Award Plaintiffs nominal damages for constitutional injuries caused by Defendants' enforcement of the 18-to-20-Year-Old Carry Ban and resulting deprivation of Plaintiffs' Second and Fourteenth Amendment rights;

d) Pursuant to 42 U.S.C. § 1988, award costs and attorney fees and expenses to the extent permitted; and

e) Grant any and all other equitable and/or legal remedies this Court may see fit.

Dated: May ____, 2021

Respectfully Submitted,

/s/ John R. Monroe_____
John R. Monroe
John Monroe Law, P.C.
156 Robert Jones Road
Dawsonville, GA  30534

2

(678) 362-7650
jrm@johnmonroelaw.com
State Bar No. 516193

David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

*Pro hac vice* application
forthcoming

*Attorneys for plaintiffs*

JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| Christopher Baughcum Jr., Zane Meyers, Sophie Long, and Firearms Policy Coalition | Genola Jackson, Janice D. Spires, Kathryn B. Martin, and Chris Wright |

| (b)   County of Residence of First Listed Plaintiff   Laurens | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)   Attorneys *(Firm Name, Address, and Telephone Number)* John R. Monroe, John Monroe Law, P.C., 156 Robert Jones Road, Dawsonville, GA 30534, (678) 362-7650 | Attorneys *(If Known)* |
|---|---|

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983

Brief description of cause:
Suit for relief from Georgia laws preventing 18-20 year olds from exercising their Second Amendment rights.

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
Declaratory and injunctive relief, nominal damages

CHECK YES only if demanded in complaint:
**DEMAND:**   ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

| DATE May 20, 2021 | SIGNATURE OF ATTORNEY OF RECORD /s/ John R. Monroe |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.