IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| CHRISTOPHER BAUGHCUM, JR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> GENOLA JACKSON, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. <br> 3:21-cv-00036-DHB-BKE |

**BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT
OF DEFENDANT COL. CHRIS WRIGHT**

Defendant Col. Chris Wright, Commissioner of the Department of Public Safety, files this Brief in support of his Motion to Dismiss Plaintiffs' Complaint, showing the Court as follows:

Georgia law permits individuals 18 years of age and older to own and possess handguns and to carry a loaded handgun on their property or inside their home, motor vehicle, or place of business, or while hunting, fishing, or sport shooting. A license is generally required, however, to carry a loaded handgun in public, and the minimum age to obtain such a license is 21 for individuals who have not received basic training in the armed services. *See generally* O.C.G.A. §§ 16-11-126, 16-11-129. Plaintiffs – a gun rights organization and three individuals under the age of 21 who wish to carry loaded handguns in public – challenge this restriction, contending it violates their Second Amendment rights.

As shown herein, Plaintiffs lack standing to pursue their claims against Commissioner Wright, because the injury alleged is not fairly traceable to actions

1

alleged to have been taken by him. Subject matter jurisdiction is therefore lacking, and the complaint against him should be dismissed.

## BACKGROUND AND PLAINTIFFS' ALLEGATIONS

### I. Relevant Statutory Framework

Under Georgia law, a Georgia weapons carry license is generally required to carry a loaded handgun in public.[1] The regulatory framework governing this requirement is outlined in O.C.G.A. §§ 16-11-126 and 16-11-129. Section 16-11-126 begins by setting forth numerous circumstances in which a loaded handgun may be carried *without* a license. *See* O.C.G.A. § 16-11-126(a)–(f). A license is not required, for instance, to carry a loaded handgun on one's property, or inside one's "home, motor vehicle, or place of business." O.C.G.A. § 16-11-126(a). Nor is a license required for a person with a valid hunting or fishing license to carry a loaded handgun while hunting, fishing, or engaged in sport shooting. *Id*. at § 16-11-126(f)(1). Individuals wishing to carry a loaded handgun beyond the exceptions listed in O.C.G.A. § 16-11-126(a)–(f) must, however, obtain a weapons carry license.[2] *See* O.C.G.A. § 16-11-126(h)(1). The failure to do so constitutes the offense of carrying a weapon without a license, and a first offense is punishable as a misdemeanor. *See* O.C.G.A. § 16-11-126(h)(2). The defense of self or others is, however, an absolute defense to the licensing requirement. *See* O.C.G.A. § 16-11-138.

---

[1] Loaded long guns may be carried in public without a license if carried in an open and fully exposed manner. *See* O.C.G.A. § 16-11-126(b).

[2] Additional exceptions from Georgia's licensing requirements for individuals employed in certain public offices are set forth in O.C.G.A. § 16-11-130.

Section 16-11-129 governs the application, issuance, and renewal process for weapons carry licenses. Georgia is a "shall issue" state, and the law thus requires that the "judge[s] of the probate court" issue a license to eligible individuals. *See* O.C.G.A. § 16-11-129(a)(1). Subsection (b)(2) sets forth the circumstances in which an individual is ineligible to receive a license. Of relevance here, it provides that "[n]o weapons carry license shall be issued to … [a]ny person younger than 21 years of age…." *See* O.C.G.A. § 16-11-129(b)(2)(A). An exception to this age requirement exists for those who have completed basic training in the armed forces of the United States and are actively serving or have been honorably discharged. *Id.* Such individuals may, if otherwise qualified, obtain a weapons carry license if at least 18 years of age. *Id.*

## II. Plaintiffs' Allegations and Claims

Plaintiffs include an organization, Firearms Policy Coalition, Inc. (FPC), and three individuals, Christopher Baughcum Jr., Zane Meyers, and Sophie Long. (*See generally*, Doc. 1). The individual plaintiffs, all of whom are Georgia residents between the ages of 18 and 20 years old, express a desire "to carry loaded, operable handguns on their person, outside their homes, while in public, for lawful purposes including immediate self-defense." (*Id.*, ¶ 6). They complain they cannot, however, because they are under 21 and not current or former members of the military and, thus, they are ineligible for a weapons carry license under Georgia's statutory scheme. (*Id.*, ¶¶ 18-20, 41-42, 56-57, 71-72). All three aver that, but for this age requirement, they would be eligible to receive a license. (*Id.*, ¶¶ 41, 56, 71). Plaintiff FPC alleges that its purpose includes "defending the individual Second Amendment right to bear arms." (*Id.*, ¶ 21). It purports to have numerous members, including the individual plaintiffs, who are

between the ages of 18 and 20, reside in Georgia, and have been similarly adversely affected by the enforcement of Georgia's licensing requirement. (*Id.*).

Plaintiffs complain further that 18-to-20-year-olds are precluded from obtaining a Georgia weapons carry license despite the fact that they "pose a lesser risk of perpetrating violent crime compared to their older counterparts" and, in 2019, had slightly lower arrest rates for violent crimes compared to 21-to-24-year-olds. (*Id.*, ¶¶ 85-86). They aver that "[f]emale individuals within the 18-to-20 age group pose a minimal risk of perpetrating violent crime of any kind compared to their male counterparts" and are statistically much less likely to be arrested for a violent crime than 21-to-24-year-old men. (*Id.*, ¶¶ 87-89).

Plaintiffs sue Col. Chris Wright, Commissioner of the Department of Public Safety, in his individual and official capacities. They allege that he enforces the challenged age restrictions by furnishing the application and license forms required by O.G.C.A. § 16-11-129. (*Id.*, ¶ 25; *see also* O.G.C.A. § 16-11-129(a)(3)(B)(iii)). Plaintiffs bring two claims under 42 U.S.C. § 1983 against defendant Wright. The first, a Second Amendment claim, asserts that the provisions of O.C.G.A. §§ 16-11-126 and 16-11-129 which prohibit 18-to-20-year-olds without military training from obtaining a weapons carry license are unconstitutional facially and as applied to the Plaintiffs and others similarly situated. (*Id.*, ¶¶ 90-100). The second asserts that the same provisions are unconstitutional under the Second Amendment as applied to 18-to-20-year old women, including plaintiffs Long and FPC. (*Id.*, ¶¶ 101-108).

Plaintiffs seek relief in the form of a declaration that the challenged statutory provisions "and all related laws, regulations, policies and procedures" are

4

unconstitutional both facially and as applied to otherwise qualified 18-to-20-year-olds, or, alternatively, as applied to otherwise qualified 18-to-20-year-old women. (*Id.*, pp. 22-23). They also seek an injunction barring enforcement of the challenged provisions against Plaintiffs and those similarly situated. (*Id.*). Finally, Plaintiffs seek nominal damages, attorney's fees, and costs. (*Id.*, p. 23).

## ARGUMENT AND CITATION TO AUTHORITY

### I. Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction.

Article III of the Constitution restricts judicial power "to the traditional role of Anglo-American courts, which is to redress or prevent actual or imminently threatened injury to persons caused by private or official violation of law." *Summers v. Earth Island Inst.*, 555 U.S. 488, 492 (2009). "Standing doctrine 'reflect[s] this fundamental limitation'" – a function which, in turn, is "founded in concern about the proper – and properly limited – role of the courts in a democratic society." *Ga. Republican Party v. SEC*, 888 F.3d 1198, 1201 (11th Cir. 2018) (quoting *Summers*, 555 U.S. at 492)

Standing is a jurisdictional issue, and the party invoking federal jurisdiction bears the burden of establishing standing. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). To do so, a plaintiff must demonstrate that he or she: (1) suffered or is likely to suffer an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable decision. *See, e.g., Friends of the Earth v. Laidlaw Environmental Servs.*, 528 U.S. 167, 180-82 (2000). Standing elements are "not mere pleading requirements, but rather an indispensable part of the

plaintiff's case," and the manner and degree of evidence required to demonstrate the existence of standing varies depending upon the stage of the litigation. *Ga. Republican Party*, 888 F.3d at 1201. At the pleading stage, a "plaintiff must 'clearly … allege facts demonstrating' each element" of standing. *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U. S. 490, 518 (1975)). Thus, even where a plaintiff plausibly alleges that he or she suffered or is likely to suffer an injury in fact, the causation requirement of standing must still be met. *See, e.g., Jacobson v. Fla. Sec'y*, 957 F.3d 1193, 1207 (11th Cir. 2020). This requires facts showing that the injury is "'fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party ….'" *Id.* (quoting *Lujan*, 504 U.S. at 560).

Plaintiffs fail to meet this traceability requirement as to defendant Wright. The individual plaintiffs contend they are injured because, due to their age, they cannot obtain a weapons carry license and are therefore unable to lawfully carry a loaded firearm in public. FPC contends that its 18-to-20-year-old members are injured in the same manner. Thus, for Plaintiffs to have standing to sue Commissioner Wright, their inability to obtain a license due to their age must be "fairly . . . traceable" to his conduct "as opposed to the action of . . . a third party." *Lewis v. Governor of Alabama*, 944 F.3d 1287, 1296 (11th Cir. 2019) (*en banc*). It is not, and Plaintiffs' allegations do not plausibly establish traceability.

Plaintiffs aver that Commissioner Wright furnishes license application forms to the judges of the county probate courts. (Doc. 1, ¶ 25). And, indeed, the challenged statute requires the Department of Public Safety (DPS) to "furnish application forms and license forms required by this Code section." O.C.G.A § 16-11-129 (a)(3)(b)(iii). But

6

that is all the statute requires of DPS—providing blank forms. The law does not task DPS or its Commissioner with reviewing completed applications, or determining which applicants meet Georgia's licensing requirements and which do not, or issuing or not issuing licenses to any applicant. That responsibility falls to county probate judges. *See* O.C.G.A. § 16-11-129(a)(1). It is they who determine, "on investigation of the applicant pursuant to subsections (b) and (d)" of O.C.G.A. § 16-11-129, whether a license shall issue.[3] *See* O.C.G.A. § 16-11-129(a)(1). Nor does DPS have any role in the statutory process for challenging the denial of a license. Again, that role falls to the judiciary. Relief from a license denial may only be sought by an action for mandamus or other legal proceeding in superior court or by requesting a hearing before the judge of the probate court regarding the applicant's fitness to be issued a license. *See* O.C.G.A. § 16-11-129(j).

To be sure, license application forms contain a space for applicants to enter their date of birth. But that does not show, or even suggest, that the providers of the form have a role in determining who is or is not eligible for a license. There is no allegation, for instance, that if probate courts were instead provided with blank application forms that do not elicit information on an applicant's age, then probate judges would simply dispense with their statutory duty to investigate whether the age requirement set forth in O.C.G.A. § 16-11-129(b) is met and Plaintiffs would be able to obtain a license. Simply put, neither Commissioner Wright nor DPS exercises control

---

[3] Subsection (b) of O.C.G.A. § 16-11-129 contains the age provision Plaintiffs challenge. *See* O.C.G.A. § 16-11-129(b)(2).

7

over the judiciary or otherwise directs the judiciary's decision-making. To do so would violate the separation of powers mandated by Georgia's Constitution:

> The legislative, judicial, and executive powers shall forever remain separate and distinct; and no person discharging the duties of one shall at the same time exercise the functions of either of the others except as herein provided.

Ga. Const. Art. I, Section II, Para. III.[4] This doctrine of separation of powers "invests those officials charged with the duty of administering justice according to law with all necessary authority to efficiently and completely discharge those duties the performance of which is by the constitution committed to the judiciary, and to maintain the dignity and independence of the courts." *Lovett v. Sandersville R.R.*, 199 Ga. 238, 239-240 (1945); *see also Cormier v. Horkan*, 2010 U.S. Dist. LEXIS 12146, at *22-23 (M.D. Ga. 2010) (rejecting claim that Governor had supervisory authority over judiciary as a matter of law) (vacated and remanded on other grounds). Commissioner Wright cannot be held liable for conduct over which he has no control or authority.

Plaintiffs fail, in sum, to show how Commissioner Wright, merely by his agency providing blank license application forms to probate courts, plays a role in determining the eligibility of a particular applicant for a weapons carry license. They likewise fail to show that their injury was "not the result of the independent action of some third party." *Jacobson*, 957 F.3d at 29. And this failure to meet an essential element of the standing requirement means standing is absent not only for the

---

[4] Under the Georgia Constitution, the General Assembly has express authority to "prescribe the manner in which arms may be borne." Ga. Const. Art. I, Section I, Para. VIII. The General Assembly established a framework and tasked the probate courts with investigating license applications and issuing licenses as set forth in O.C.G.A. § 16-11-129.

individual plaintiffs, but for the organizational plaintiff, FPC, as well. FPC proceeds by way of an "associational" standing theory. Organizations may assert "associational" or "representational" standing to enforce the rights of its members where "[1] its members would otherwise have standing to sue in their own right, [2] the interests at stake are germane to the organization's purpose, and [3] neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Sierra Club v. TVA*, 430 F.3d 1337, 1344 (11th Cir. 2005) (quoting *Friends of the Earth*, 528 U.S. at 181). Because, as shown, the individual plaintiffs and any other similarly situated FPC members do not allege injury that is fairly traceable to Commissioner Wright and thus do not have "standing to sue in their own right," FPC cannot establish standing premised on an associational theory of standing.

Plaintiffs fail meet Article III's requirements with respect to their claims against Commissioner Wright. As a result, this Court lacks jurisdiction over the claims, and the claims should be dismissed.

## CONCLUSION

For the foregoing reasons, defendant Col. Chris Wright respectfully requests that the Court grant his motion and dismiss the complaint against him.

Respectfully submitted,

        **GEORGIA DEPARTMENT OF LAW**

        CHRISTOPHER M. CARR    112505
        Attorney General

        BETH BURTON    027500
        Deputy Attorney General

        TINA M. PIPER    142469
        Senior Assistant Attorney General

/s/*Deborah Nolan Gore*
DEBORAH NOLAN GORE        437340
Assistant Attorney General

*Counsel for defendant Col. Chris Wright*

Please serve:
Deborah Nolan Gore
40 Capitol Square, S.W
Atlanta, GA  30334-1300
Telephone: (404) 458-3289
dgore@law.ga.gov

Case 3:21-cv-00036-DHB-BKE   Document 17-1   Filed 08/10/21   Page 11 of 11

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT OF DEFENDANT COL. CHRIS WRIGHT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record in this case.

This 10th day of August, 2021.

                                                */s/ Deborah Nolan Gore*
                                                DEBORAH NOLAN GORE

Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, GA  30334-1300
Telephone: (404) 458-3289
dgore@law.ga.gov