IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| CHRISTOPHER BAUGHCUM, JR., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GENOLA JACKSON, et al., )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION NO.<br>3:21-cv-00036-DHB-BKE |

**BRIEF IN SUPPORT OF MOTION TO STAY DISCOVERY
OF DEFENDANT COL. CHRIS WRIGHT**

Defendant Col. Chris Wright, Commissioner of the Department of Public Safety, through counsel and pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii) and Fed. R. Civ. P. 26(d), submits this brief in support of his motion to stay discovery.

## INTRODUCTION

This is an action for equitable relief and money damages under the Second and Fourteenth Amendments and 42 U.S.C. § 1983. Plaintiffs include an organization, Firearms Policy Coalition, Inc. (FPC), and three individuals, Christopher Baughcum Jr., Zane Meyers, and Sophie Long. (*See generally*, Doc. 1). Plaintiffs desire to carry loaded, operable handguns on their person outside their homes. *Id*. Georgia law generally requires a license to carry a loaded handgun in public, and the minimum age to obtain such a license is 21 for individuals who have not received basic training in the armed services. *See generally* O.C.G.A. §§ 16-11-126, 16-11-129. Plaintiffs, 18-to-20-year-olds, aver that they are precluded from obtaining a weapons carry license solely because of their age. They bring facial and as-applied challenges to the

1

constitutionality of the age provisions of Georgia's licensing statutes, contending the provisions violate their rights under the Second Amendment, as applied to the states through the Fourteenth Amendment.

Defendant Wright has filed a motion to dismiss on grounds that the complaint fails adequately to allege standing to sue him and, thus, the Court lacks subject-matter jurisdiction over Plaintiffs' claims against him.

## ARGUMENT AND CITATION OF AUTHORITY

The Federal Rules of Civil Procedure encourage a trial court to limit discovery on its own or on the motion of a party when the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. *See* Fed. R. Civ. P. 26(b)(1) (addressing scope of discovery generally); Fed. R. Civ. P. 26(b)(2)(C)(iii) (stating the court "must limit the frequency or extent of discovery" when a determination is made that discovery exceeds the scope permitted by Rule 26(b)(1)); Fed. R. Civ. P. 26(c) (regarding protective orders); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558-59 (11th Cir. 1985). Rule 26 gives trial courts broad discretion to alter the sequence of discovery for the parties' convenience and "in the interests of justice." Fed. R. Civ. P. 26(d)(3). *See also Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002) ("[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters.").

Trial courts have a responsibility to "manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's

confidence in the courts' ability to administer justice." *Perez*, 297 F.3d at 1263. "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has instructed that, when a pending motion challenges the legal sufficiency of a claim, discovery should be stayed until the motion is resolved. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). "Such a dispute always presents a purely legal question; there are no questions of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id*.

Here, defendant Wright raises a ground for dismissal that is potentially dispositive of the entire case. The motion raises a standing defense, which is a complete bar to suit. Moreover, standing presents a legal question; it does not raise issues of fact going to the merits of the claims. A favorable ruling on the motion would render discovery as to defendant Wright unnecessary. Thus, in the interests of efficiency and justice, and in order to avoid undue costs and burdens of discovery, the Court should stay discovery as to defendant Wright pending a final disposition of his motion to dismiss.

## CONCLUSION

Defendant Wright respectfully request that this motion be granted and that the Court stay discovery as to him pending the final resolution of his motion to dismiss.

Respectfully submitted,

**GEORGIA DEPARTMENT OF LAW**

CHRISTOPHER M. CARR    112505
Attorney General

BETH BURTON    027500
Deputy Attorney General

TINA M. PIPER    142469
Senior Assistant Attorney General

/s/*Deborah Nolan Gore*
DEBORAH NOLAN GORE    437340
Assistant Attorney General

*Counsel for defendant Col. Chris Wright*

Please serve:
Deborah Nolan Gore
40 Capitol Square, S.W
Atlanta, GA  30334-1300
Telephone: (404) 458-3289
dgore@law.ga.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **BRIEF IN SUPPORT OF MOTION TO STAY DISCOVERY OF DEFENDANT COL. CHRIS WRIGHT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record in this case.

This 10th day of August, 2021.

                                              */s/ Deborah Nolan Gore*
                                              DEBORAH NOLAN GORE

Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, GA  30334-1300
Telephone: (404) 458-3289
dgore@law.ga.gov