# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA DUBLIN DIVISION

| | |
|---|---|
| **ZANE MEYERS,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO.: |
| | ) |
| **GENOLA JACKSON,** *et al.*, | ) 3:21-CV-0036-DGB-BKE |
| | ) |
| Defendants. | ) |
| | ) |

## BRIEF IN SUPPORT OF THE PROBATE COURT JUDGES' MOTION TO DISMISS

COME NOW DEFENDANTS JACKSON, MARTIN and SPIRES and, pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure and the Local Rules, file this Brief in Support of their Motion to Dismiss, as follows:

### INTRODUCTION

This is a case arising under § 1983 and the Second Amendment. The individual Plaintiffs, who say they are Georgia residents between the ages of 18 and 20 years old, express a desire "to carry loaded, operable handguns on their person, outside their homes, while in public, for lawful purposes including immediate self-defense." ( Doc. 1 at ¶ 6). They challenge Georgia's law requiring a weapons carry license for certain weapons-related activities, because they are

under 21 and they are ineligible for a weapons carry license. (Doc. 1 at ¶¶ 18-20, 41-42, 56-57, 71-72).

Plaintiffs sue these Defendants because Judges Jackson, Martin and Spires hold office as the elected Probate Court judges in counties where the three individual Plaintiffs would apply for a Georgia Weapon License (GWL), if any Plaintiff were to so apply. There is no allegation that any Plaintiff ever applied to any Probate Court for a GWL, and there is no allegation that any Probate Judge has done anything with regard to any Plaintiff. For the reasons discussed herein, Judges Jackson, Martin and Spires are entitled to dismissal from this action.

## ARGUMENT AND CITATIONS TO AUTHORITY

For the reasons discussed below, Defendants are entitled to absolute judicial immunity against Plaintiff's § 1983 individual claims; Plaintiffs lack standing to pursue any claim against these Defendants, and there is no ripe controversy; the Complaint fails to state a claim against these Defendants upon which relief can be granted; the Eleventh Amendment bars any claim for money damages or costs; and Defendants Martin and Spires preserve an objection to venue in this Court.

**I.  DEFENDANTS HAVE ABSOLUTE JUDICIAL IMMUNITY FROM DAMAGES, AND INJUNCTIVE RELIEF IS UNAVAILABLE**

Judges are entitled to absolute immunity for all actions taken in their judicial capacity, except where they act in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S.

349, 356-57, 98 S.Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978)). In 1996, Congress responded to *Pulliam v. Allen*, 466 U.S. 522, 540, 104 S. Ct. 1970, 1980 (1984) (holding that judicial immunity from damages did not extend to equitable relief), by enacting Section 309 of the Federal Courts Improvement Act of 1996 (FCIA). S. Rep. 104-366, at 36-37 (1996). Consequently, 42 USC § 1983 provides that:

> [I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 USC § 1983.

Here of course there is no declaratory judgment, and so Plaintiffs' plea for injunctive relief must be dismissed.

Likewise, Plaintiffs' plea for costs and attorney's fees against these Defendants must be dismissed. 42 U.S.C. 1988(b) provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction."  Judges Jackson, Martin and Spires have not taken any action with regard to Plaintiffs, much less actions outside of their jurisdiction.

Another line of authority points to the same result. A 42 U.S.C. § 1983 action may not be used to compel a state court to take a particular course of action

because this court has no authority to issue a writ directing state judicial officers in how to perform their duties. *Lamar v. 118 Judicial Dist. Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

Consequently, Judges Jackson, Martin and Spires are entitled to dismissal from this action.

## II. PLAINTIFFS LACK STANDING IN REGARD TO CLAIMS AGAINST THE PROBATE COURT JUDGES

To establish standing under Article III of the Constitution, a plaintiff must "allege (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct and that is (3) likely to be redressed by the requested relief." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590, 112 S.Ct. 2130 (1992) (quoting *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315 (1984)) (internal quotation marks omitted). The standing requirement applies to each claim that a plaintiff asserts. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352, 126 S.Ct. 1854 (2006).

### A. There is No Claimed Injury Traceable to the Probate Court Judges

"[P]laintiffs in the federal courts must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction." *O'Shea v. Littleton*, 414 U.S. 488, 493, 94 S. Ct. 669, 675

4

(1974). Here, Plaintiffs do not allege that they applied for GWLs, and they do not claim that some threatened or pending prosecution has occurred in a probate court with regard to weapon possession. Simply put, there is no case or controversy sufficient to invoke the Court's jurisdiction with regard to these Defendants.

The Supreme Court has said that "a [pre-enforcement] plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.' " *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2342 (2014) (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298, 99 S. Ct. 2301 (1979)). Here, Plaintiffs' fail the "credible threat of prosecution" prong, at least with regard to the Probate Judges. Probate court judges do not conduct prosecutions for violation of firearms laws.

Even if these Probate Judges had some role in prosecutions, Plaintiffs would still lack standing. This case strongly mirrors *Seegars v. Ashcroft*, 396 F.3d 1248 (2005), where residents of the District of Columbia challenged certain gun regulations. In *Seegers*, the plaintiffs claimed that "because of the threat of criminal prosecution, they forego what they believe would be the additional security of possessing pistols or possessing a shotgun ready for immediate use." *Id*. at 1251. That is the same basic contention that Plaintiffs assert here, and the

present Plaintiffs seek identical relief, *i.e.*, "a declaration that the challenged provisions are unlawful." *Id.*

As in *Seegers*, here "plaintiffs allege no prior threats against them or any characteristics indicating an especially high probability of enforcement against them." *Seegars*, 396 F.3d 1248, 1255 (2005); *see also Boyle v. Landry*, 401 U.S. 77, 91 S. Ct. 758 (1971) (standing to challenge state statutes denied where there was no showing of threatened or actual prosecution under challenged statute). Consequently, Plaintiffs lack standing to pursue claims against these Defendants.

**B.   There Is No Ripe Controversy Between Plaintiffs and the Probate Court Judges**

Ripeness is technically not the same thing as standing, but the application of that doctrine here is so closely related to standing that both are logically considered together. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128 n.8, 127 S. Ct. 764 (2007) (explaining that "standing and ripeness boil down to the same question" in cases where "the party seeking declaratory relief is himself preventing the complained-of injury from occurring"). The ripeness doctrine is meant "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S. Ct. 1507, 1515 (1967).

In order to assess whether an action is premature, courts are required to evaluate: (1) "the fitness of the issues for judicial decision;" and (2) "the hardship to the parties of withholding court consideration." *Id.* Here, no Plaintiff alleges having submitted a GWL application to any Probate Court. There is no adverse decision by a probate judge, and certainly no criminal prosecution alleged (much less a prosecution by a probate judge, which is impossible). Likewise, there is no hardship to any party from the Court refusing to rule on an abstract constitutional issue that will have no impact on a live controversy.

While Plaintiffs undoubtedly will invoke *Ex Parte Young,* 209 U.S. 123, 157, 28 S. Ct. 441 (1908), "[c]ourts have not read *Young* expansively. [cits.] *Young* does not apply when a defendant state official has neither enforced nor threatened to enforce the allegedly unconstitutional state statute. [cits.]" *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415–16 (6th Cir. 1996). "General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." *1st Westco Corp. v. Sch. Dist.*, 6 F.3d 108, 113 (3d Cir. 1993) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988)). "Holding that a state official's obligation to execute the laws is a sufficient connection to the enforcement of a challenged statute would extend *Young* beyond what the Supreme Court has

intended and held. [cits.]" *Deters*, 92 F.3d at 1416. The same must be true of judges.

If Plaintiffs seek some controversy with the Probate Court judges, then the proper procedure is for Plaintiffs to invoke a ruling by a Probate Court. Perhaps Plaintiffs might actually apply for a GWL by filing an application in a probate court. If the application is denied on a ground that is constitutionally infirm, then Plaintiffs can appeal the decision and raise the constitutional issue in Georgia courts, with ultimate recourse to the United States Supreme Court. *See Amos v. State*, 298 Ga. 804, 808, 783 S.E.2d 900, 905 (2016) (disposing of Second Amendment challenge to Georgia weapons licensing statute). Plaintiffs have done none of that, so their case against these Defendants is not ripe and must be dismissed.

### C. FPC Lacks Organizational Standing and Has No Ripe Controversy With These Defendants

Plaintiff Firearms Policy Coalition, Inc. (FPC), has the same basic standing and ripeness problems detailed above. FPC asserts "associational" standing, under which organizations may assert "associational" or "representational" standing to enforce the rights of members where "[1] its members would otherwise have standing to sue in their own right, [2] the interests at stake are germane to the organization's purpose, and [3] neither the claim asserted nor the relief requested

requires the participation of individual members in the lawsuit." *Sierra Club v. TVA*, 430 F.3d 1337, 1344 (11th Cir. 2005) (quoting *Friends of the Earth v. Laidlaw Environmental Servs.*, 528 U.S. 167, 181 (2000)).

FPC fails the first prong because, as discussed above, no member is alleged to have any substantial basis for standing to assert a claim against these Defendants and there is no ripe controversy. FPC does not claim that an individual member applied for a GWL from a Probate Court where a Defendant is a judge, or that any of these Defendants harmed any of their members.

### III. PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

These Defendants are judges and they have no role in adopting, amending or abrogating the Georgia Weapons License statute. The State of Georgia is responsible to defend the statute. Regardless, to avoid any appearance of waiver, Defendants submit that Plaintiffs' challenge to the statute fails to state a claim upon which relief can be granted, both against these Defendants and as an abstract matter of law. Plaintiffs raise the same basic challenge rejected by the Fifth Circuit. *NRA of Am., Inc. v. McCraw*, 719 F.3d 338 (5th Cir. 2013); *NRA v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 700 F.3d 185 (5th Cir. 2012).

In *McCraw*, the plaintiffs argued that "a scheme that bans 18-20-year-olds from carrying handguns in public, either openly or concealed, is an

9

unconstitutional infringement on 18-20-year-olds' right to use handguns in self-defense." *Id.* at 346. After a thorough analysis, which need not be repeated here, the Fifth Circuit rejected that challenge.

> Texas determined that a particular group was generally immature and that allowing immature persons to carry handguns in public leads to gun violence. Therefore, it restricted the ability of this particular group to carry handguns outside their vehicles in public. This means is substantially related to the Texas's stated goal of maintaining public safety, and it still allows 18-20-year-olds to have handguns in their cars and homes and to apply for concealed handgun licenses as soon as they turn 21. The Texas scheme thus survives intermediate scrutiny, and we affirm the district court's conclusion that it does not violate the Second Amendment.

*NRA of Am., Inc. v. McCraw*, 719 F.3d 338, 349 (5th Cir. 2013).

Everything stated in the passage above is true of the present case, except that this case arises in Georgia rather than Texas. There is no need to deviate from *McCraw*'s sound holding. Consequently, Plaintiffs' challenge to Georgia's statute must be dismissed for failure to state a claim upon which relief can be granted.

**IV.    THE ELEVENTH AMENDMENT BARS ANY MONETARY RELIEF AGAINST ANY DEFENDANT IN AN OFFICIAL CAPACITY**

"The Eleventh Amendment prohibits actions against state courts and state bars." *Kaimowitz v. Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993). "[T]he Georgia Constitution created the [probate] courts as a part of Georgia's judicial branch. Ga. Const. art. VI, § 1, ¶ 1." *Holt v. Floyd Cty.*, No. 4:18-CV-0112-HLM, 2018 U.S. Dist. LEXIS 219133, at *37-38 (N.D. Ga. 2018).

Federal courts in Georgia have found that a lawsuit against a local judge in her official capacity is a lawsuit against the State, subject to immunity under the Eleventh Amendment. *Stegeman v. Georgia*, No. 1:06-CV-2954-WSD, 2007 U.S. Dist. LEXIS 51126, 2007 WL 2071542, at *7 n.22 (N.D. Ga. 2007), *aff'd*, 290 F. App'x 320 (11th Cir. 2008) ("The Court finds that Defendant DeKalb County Probate Court is entitled to Eleventh Amendment immunity."); *Holt*, *supra* (finding that the Eleventh Amendment barred claim against magistrate court judge sued in official capacity); *Watts v. Bibb Cty., Ga.*, No. 5:08-CV-413(CAR), 2010 U.S. Dist. LEXIS 103570, 2010 WL 3937397, at *12 (M.D. Ga. 2010) (finding that the chief magistrate judge was an arm of the state and was entitled to Eleventh Amendment immunity).

It follows that the Court lacks jurisdiction to entertain any money damages claim against these Defendants in their official capacities, and an award of costs is prohibited. *See also* 42 U.S.C. 1988(b) (prohibiting award of costs and attorney's fees in action against judges).

## V.  DEFENDANTS SPIRES AND MARTIN PRESERVE A CHALLENGE TO VENUE

"The venue statute (28 U.S.C. § 1391(b)) ... 'permits the plaintiff to lay venue in 'any civil action' either in the district in which the defendant resides or the district where a substantial part of the claim arose.' " *Sumter v. Hussey*, No.

CV416-109, 2017 U.S. Dist. LEXIS 57463, at *15 (S.D. Ga. 2017) (quoting 14D Fed. Prac. & Proc. Juris. § 3808). Defendants Spires and Martin are Probate Court Judges in Houston County and Lamar County, respectively. While efficiency and uniformity tend to favor a single case in a single forum, these Defendants preserve a challenge to venue so as to avoid waiver of the issue. The referenced counties are in the Middle District of Georgia, and Defendants Spires and Martin reserve their entitlement to adjudication in the federal district where they reside and hold office.

## CONCLUSION

For each of the foregoing reasons, Judges Jackson, Martin and Spires are entitled to dismissal of all claims against them. Defendants request the Court to certify any dismissal as final under Rule 54(b).

Respectfully submitted,

WILLIAMS, MORRIS & WAYMIRE, LLC

/s/ *Jason Waymire*
JASON C. WAYMIRE
Georgia Bar No. 742602
Attorneys for Defendants Jackson, Spires
and Martin

Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30518
T: 678-541-0790
F: 678-541-0789
jason@wmwlaw.com

## **CERTIFICATION OF COMPLIANCE WITH L.R. 5.1(B).**

Counsel for Defendants certifies that the foregoing Brief complies with the Court's font and point size requirements.