IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BAUGHCUM, JR.; ZANE MEYERS; SOPHIE LONG; and FIREARMS POLICY COALITION, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 321-036 |
| JUDGE GENOLA JACKSON; JUDGE JANICE D. SPIRES; JUDGE KATHRYN B. MARTIN; and CHRIS WRIGHT, | ) ) ) ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

The Court **GRANTS** Defendant Chris Wright's unopposed motion to stay discovery, (doc. no. 18), and **STAYS** discovery pending resolution of his pre-answer motion to dismiss for lack of subject matter jurisdiction, (doc. no. 17).  The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case."  Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery.  It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted). Based on a preliminary peek at the motion to dismiss, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Id. (See doc. no. 17, p. 1.) Indeed, Defendant has moved for dismissal of all claims against him due to Plaintiff's alleged lack of standing. (Doc. no. 17-1, p. 5-9.)

When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of Defendant Wright's motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **STAYS** discovery concerning the claims asserted against Defendant Wright only pending final resolution of Defendant's motion to dismiss. Should any portion of the case against Defendant Wright remain after resolution of Defendant's motion, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling. In the event the presiding District Judge, in his ruling on the pending dispositive motion, provides further instructions to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report

to be filed within seven days of the presiding District Judge's ruling.

SO ORDERED this 30th day of August, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA