IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| CHRISTOPHER BAUGHCUM, JR., et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 3:21-cv-00036-DHB-BKE |
| GENOLA JACKSON, et al., | ) |
| Defendants. | ) |

**RESPONSE IN OPPOSITION TO DEFENDANT CHRIS WRIGHT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**Introduction**

Defendant Col. Chris Wright, Commissioner of the Department of Public Safety, has filed a Motion for Extension of Time to Respond to Plaintiffs' Motion for Summary Judgment. *See* Def. Chris Wright's Mot. for Extension, Doc. 25 (Sept. 2, 2021) ("Mot. for Ext."). The Commissioner seeks an extension until 30 days after this Court's ruling on the Commissioner's Motion to Dismiss. *See* Mot. for Ext. at 5. Because the Commissioner has failed to show that "good cause" exists for such an extension, Plaintiffs respectfully request this Court deny the Commissioner's motion. *See* FED. R. CIV. P. 6(b)(1)(A).

**Argument**

Federal Rule of Civil Procedure 6(b)(1)(A) requires that the Commissioner demonstrate there is "good cause" for the extension of his deadline to respond. Such extensions "of the time period" provided by the Federal Rules "is by no means a matter of right," WRIGHT & MILLER, 4B FED. PRAC. & PROC. CIV. § 1165 (4th ed.), especially because the Commissioner in effect seeks "an indefinite delay" in his briefing obligations. *Mickalis Pawn Shop, LLC v. Bloomberg*, 465 F.

Supp. 2d 543, 546 (D.S.C. 2006) (denying briefing extension of 45 days after an "unfavorable decision"). Every extension to the ordinary timelines must be consistent with "the just, speedy, and inexpensive determination of every action." WRIGHT & MILLER, 4B FED. PRAC. & PROC. CIV. § 1165 (4th ed.); *see also* FED. R. CIV. P. 1. To that end, this Court must weigh the Commissioner's purported need for an indefinite extension with the prejudice to Plaintiffs. *Id.* And here the balance tips entirely in Plaintiffs' favor.

Plaintiffs would suffer prejudice from an indefinite delay. This is a time-sensitive case. Every day that Plaintiffs are denied their constitutional rights, they are irreparably injured. The "very existence of" Section 16-11-129(b)(2) and its effective ban on 18-to-20-year-olds exercising their right to keep and bear arms "stands as a fixed" and irreparable "harm" to their Second Amendment rights. *Ezell v. City of Chicago*, 651 F.3d 684, 698 (7th Cir. 2011). The loss of that freedom, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality op.); *accord Ezell*, 651 F.3d at 699. Thus, every delay in the litigation is a further injury to Plaintiffs, and the Commissioner provides no compelling reason why adjudication of the merits of Plaintiffs' claims should be indefinitely postponed.

The Commissioner seemingly proposes a "standing" exception to the ordinary timing rules. He argues that a deviation from the typical timelines should apply here because he raises issues related to standing. *See* Mot. for Ext. at 3–4. But the presence of "standing" as a disputed issue can hardly justify "good cause." After all, it is the duty of every federal court to assure itself of standing in every case for every claim. *See Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020). If all a litigant needed to show was that standing was disputed, then the "good cause" requirement for an extension would become a dead letter—it would apply in every case. The fact that courts must resolve standing and other jurisdictional issues *first* in their analyses is of no

bearing to the "good cause" analysis. Standing must be shown at all stages of the litigation. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). If standing alone allowed a party to avoid timing deadlines, then nothing would prevent the Commissioner from seeking further extensions during briefing. Why brief the *whole* summary judgment motion, when standing "may be dispositive of at least some aspect of the case[?]" *See* Mot. for Ext. at 3. But, of course, such piecemeal issue-by-issue litigation would not be countenanced, and it should not be here.

    Moreover, the Commissioner's sought-after extension is completely contrary to standard litigation practice envisaged by the Federal Rules themselves. After all, the Rules have *long* provided for the contemporaneous consideration of motions to dismiss and motions for summary judgment. Since 1946, the Federal Rules have placed no connection between the timing of initial proceedings with consideration of a summary judgment motion. The 1946 amendments to the Federal Rules provided such motions could be filed after "20 days from the commencement of the action." Fed. R. Civ. P. (56)(a) (1946). The former rule had tied the consideration of summary judgment motions until after an answer had been filed. *See* FED. R. CIV. P. 56 advisory committee's note to 1946 amendments. But the Advisory Committee dispatched with that initial link to earlier filed pleadings because waiting until after an answer was filed could cause "unnecessary delay." *Id.* Finding even that 20-day wait from the commencement of an action to be "outmoded," the 2009 amendments to Rule 56 went further, ensuring that a party can now "move for summary judgment *at any time*, even as early as the commencement of the action." FED. R. CIV. P. 56(b); *Id.* advisory committee note to 2009 amendments (emphasis added). Since motions to dismiss must generally be filed at the outset of litigation, FED. R. CIV. P. 12(b), this means there is no doubt the Rules contemplate summary judgment motions and motions to dismiss pending at the same time. Accordingly, with the possible exception of those few who may have practiced law before June

1946, there is not a single party litigating in the country today that has not faced the prospect of contemporaneous consideration of motions to dismiss and summary judgment in federal court. The fact that the Commissioner must do the same in this case is hardly "good cause."

What the Rules provide, the Commissioner's own cited case confirms. Consider the pending case in *Person v. Technical Education Services, Inc. d/b/a Aviation Institute of Maintenance* 1:19-cv-03735-SDG (N.D. Ga.). The defendant filed a motion to dismiss "for lack of subject matter jurisdiction." *Person v. Tech. Educ. Servs. Inc.*, No. 1:19-cv-03735, Opinion and Order, Doc. 104 at 2 (N.D. Ga. June 8, 2021). Then the third-party defendant filed a motion for summary judgment, which the third-party plaintiff—the same party who contested whether the court could hear the case at all—responded to while its jurisdictional challenge remained pending. *Id*. at 4. The court addressed those contemporaneously briefed motions in the same opinion. *Id.*

Further, *Person* shows what a *reasonable* motion for extension looks like while multiple motions are being briefed. In that case, the plaintiff sought a motion for extension of time to respond to the motion to dismiss—not to indefinitely postpone briefing as the Commissioner proposes here—instead only for 21 days "to prepare a responsive pleading." *See also Person v. Tech. Educ. Servs. Inc.*, No. 1:19-cv-03735, Doc. 66 (N.D. Ga. Nov. 16, 2020). The parties also jointly moved for an extension in the summary judgment briefing—again not for an indefinite pause—but for an additional 21 days so that the defendant could better "prepare a response to the Motion for Summary Judgment" over the holiday season. *See also Person v. Tech. Educ. Servs. Inc.*, No. 1:19-cv-03735, Doc. 81 at 2 (N.D. Ga. Dec. 21, 2020). The very case that the Commissioner relies on shows just how standard contemporaneous briefing is and just how novel the Commissioner's sought-after indefinite extension would be.

The Commissioner briefly gestures at potential discovery needed to properly respond to

Plaintiffs' motion for summary judgment. *See* Mot. for Ext. at 4. Courts have granted extensions when doing so will provide for a fuller preparation of facts and issues disputed by the parties, *cf. Sensi v. Florida Officers of Court*, 737 Fed. Appx. 433, 436 (11th Cir. 2018) (explaining that the "district court should have allowed" an extension because "it [was] doubtful [plaintiff] could have prepared is objections" to the magistrate's report "in time"); *Payrange, Inc. v. Kiosoft Techs., LLC*, 20-CV-20970, 2021 WL 1312939, at *2 (S.D. Fla. Mar. 10, 2021) (noting prior grant of motion to extend on the party's based on party "needing more time to prepare"); *United States v. Casanova*, 3:15CR19-TKW-EMT, 2020 WL 8630495, at *1 (N.D. Fla. Sept. 10, 2020) (same). But, here, the Commissioner has not identified a single disputed fact with bearing on Plaintiffs' summary judgment motion for which the Commissioner needs discovery. The only relevant adjudicative facts in the possession of Plaintiffs are those that go to standing. *See Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011) ("In a facial constitutional challenge, individual application facts do not matter. Once standing is established, the plaintiff's personal situation becomes irrelevant.").[1] For the facial challenge, the relevant facts appear to be whether the individual plaintiffs or members of organizational plaintiffs are in the age group affected by the law. For the as-applied challenge, the only additional relevant fact is whether at least one of the plaintiffs is female. Yet the Commissioner does not indicate that he has any basis at all to contest those facts. Thus, the Commissioner's vague invocation of discovery can hardly be a basis for "good cause" to

---

[1] "Adjudicative facts are those developed in a particular case," *Robinson v. Liberty Mutual Insurance Co.*, 958 F. 3d 1137, 1142 (11th Cir. 2020), and "concerning the immediate parties," such as "who did what, where, when, how, and with what motive or intent," Fed. R. Evid. 201(a) advisory committee's note to 1972 proposed rule. Legislative facts, by contrast, "do not change from case to case but apply universally." *Robinson*, 958 F.3d at 1142. A paradigmatic example of legislative facts "are those which have relevance to legal reasoning and the lawmaking process," *id.* (quoting Fed. R. Evid. 201(a) advisory committee's note to 1972 proposed rule) (cleaned up), such as the alleged justifications for the carry ban at issue in this case.

indefinitely pause summary judgment briefing.

The Seventh Circuit's decision in *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012), is instructive. There, district courts granted motions to dismiss in two cases challenging Illinois's law generally banning law-abiding citizens from carrying firearms outside the home. The Seventh Circuit reversed, but rather than remanding for discovery, summary judgment, and (if necessary) trial, it ordered judgment entered for the plaintiffs. The court acknowledged that "the usual consequence of reversing the dismissal of a suit . . . is to remand the case for evidentiary proceedings preparatory to the filing of motions for summary judgment and if those motions fail to an eventual trial." *Id.* at 942. But, the court reasoned, "there are no evidentiary issues in these two cases" because "the constitutionality of the challenged statutory provisions does not present factual questions for determination in a trial." *Id*. Instead, the cases turned on "legislative facts," *i.e.*, "facts that bear on the justification for legislation, as distinct from facts concerning the conduct of parties in a particular case." *Id*.

The same reasoning that the Seventh Circuit applied in *Moore* applies here. Indeed, the issues presented in this case are similar. In *Moore*, the question was whether Illinois constitutionally could ban law-abiding citizens generally from carrying firearms outside the home. Here, the question is whether Georgia may ban law-abiding 18-20-year-olds from carrying firearms outside the home. "Only adjudicative facts are determined in trials, and only legislative facts are relevant to the constitutionality of the Illinois [and Georgia] gun laws." *Id.* With no adjudicative facts reasonably in dispute, there is no reason why Georgia would need discovery before responding to the summary judgment motion.

What is more, there is a specific provision of the Federal Rules addressing the need for discovery in response to a summary judgment motion, and it only authorizes a district court to

6

grant relief if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). The Commissioner's motion plainly would fail under this provision: it is bereft of any affidavit or declaration in support, and, as just explained, not even the motion itself provides "specified reasons" why the Commissioner "cannot present facts essential to justify its opposition" on the established schedule—much less until 30 days after the unspecified time when this Court rules on the Commissioner's motion to dismiss. To be sure, the Commissioner has not invoked Rule 56(d), but that is more reason to deny his motion. The Commissioner should not be able to make an end-run around Rule 56(d)'s strictures by making generalized statements about discovery in a non-Rule-56(d) motion for an extension.

## Conclusion

For the foregoing reasons, the Court should deny the Commissioner's motion for an extension for time to file a response to Plaintiffs' Motion for Summary Judgment.

September 9, 2021

John R. Monroe
John Monroe Law, P.C.
156 Robert Jones Road
Dawsonville, GA 30534
(678) 362-7650
jrm@johnmonroelaw.com
State Bar No. 516193

Respectfully Submitted,

/s/ David H. Thompson
David H. Thompson
Peter A. Patterson
William V. Bergstrom
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
Admitted *pro hac vice*

*Attorneys for Plaintiffs*