**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

| | |
|---|---|
| **ZANE MEYERS,** *et al.***,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION FILE NO.:** |
| ) | **3:21-CV-0036-DGB-BKE** |
| **GENOLA JACKSON,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

**PROBATE JUDGE DEFENDANTS' BRIEF IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

COME NOW DEFENDANTS JACKSON, MARTIN and SPIRES, Defendants in this action, and present their Brief in opposition to Plaintiffs' motion for summary judgment. (Doc. 20). For the reasons discussed herein, Plaintiffs' motion should be denied.

**INTRODUCTION**

This is a case arising under § 1983 and the Second Amendment. The individual Plaintiffs, who say they are Georgia residents between the ages of 18 and 20 years old, express a desire "to carry loaded, operable handguns on their person, outside their homes, while in public, for lawful purposes including immediate self-defense." ( Doc. 1 at ¶ 6). Plaintiffs challenge Georgia's law

requiring a weapons carry license for certain weapons-related activities, because they are under 21 and they are ineligible for a weapons carry license. (Doc. 1 at ¶¶ 18-20, 41-42, 56-57, 71-72). The sparse record facts relevant to Plaintiffs' motion follow.

## PERTINENT FACTS VIEWED IN DEFENDANTS' FAVOR

Judges Jackson, Martin and Spires hold office as the elected Probate Court judges in counties where the three individual Plaintiffs would apply for a Georgia Weapon License (GWL), if any Plaintiff were to so apply.  Doc. 1 at ¶¶21-23. No Plaintiff claims to have applied to any Probate Court for a GWL. See Doc. 1. No Plaintiff alleges that any Probate Judge has done anything with regard to any Plaintiff. See Doc. 1.

If a Plaintiff were to apply for a GWL, she or he would submit an application to a local probate court.  OCGA § 16-11-129 (a). The normal process is for the Probate Court to obtain a criminal history relating to the applicant. OCGA § 16-11-129 (d).  Aside from age, disqualifiers for a GWL include:

a)  felony conviction(s) or certain other conviction (*e.g.*, for family violence, carrying a concealed weapon without a license, manufacturing or distributing a dangerous drugs);

b)  involvement in pending felony criminal proceedings;

c)  Mental unfitness;

d) Having been a patient in any mental hospital or substance abuse rehabilitation center in five years before submitting the application;

e) fugitive status;

f) having an outstanding arrest warrant

g) having had the applicant's firearm permit revoked within three years before filing the application;

h) lack of good moral character.

OCGA § 16-11-129(b), (d)(4).

The Probate Judge is required to review the application for eligibility under the statute. In the event that a Probate Judge denies a GWL, Georgia law provides an aggrieved applicant with the right to an evidentiary hearing before the Probate Court judge. OCGA § 16-11-129(b.1), (j).

For the reasons discussed herein, the Court should deny Plaintiffs' premature summary judgment motion in regard to Judges Jackson, Martin and Spires.

## ARGUMENT AND CITATIONS OF AUTHORITY

Plaintiffs' motion relates to their Second Amendment challenge to the Georgia Weapons License statute. See Docs. 1, 20. Plaintiffs' motion is premature, lacks merit, and should only be adjudicated after the State of Georgia defends the state statute challenged by Plaintiffs.

## I.   STANDARDS GOVERNING PLAINTIFFS' MOTION

Initially, for summary judgment Plaintiffs bear the burden to prove every essential element of liability and to negate every relevant affirmative defense raised by Defendants to date.  Moreover, in evaluating Plaintiffs' motion the facts must be viewed in the light most favorable to Defendants. *See Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1242-1243 (11th Cir.2001) ("the evidence and all factual inferences therefrom [are viewed] in the light most favorable to the party opposing the motion" and " 'all reasonable doubts about the facts [are] resolved in favor of the non-movant.").

As movants, Plaintiffs can obtain summary judgment only if they (1) show standing, (2) prove their underlying claim, and (3) overcome Defendants' affirmative defenses relating to such claim(s). *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir.1986). Until Plaintiffs meet those burdens, Defendants have no burden to come forward and demonstrate a material question of fact. *Id.*; s*ee In re Camtech Precision Mfg., Inc.*, 471 B.R. 293, 298 (S.D.Fla.2012) (stating that a summary judgment movant "must come forward with evidence to defeat or overcome [an] affirmative defense").

As for defenses, Defendants needs only show that a given defense applies, which triggers Plaintiffs' burden to overcome the defense. *Blue Cross and Blue*

*Shield v. Weitz*, 913 F.2d 1544, 1552 (11th Cir.1990); *Office of Thrift Supervision v. Paul*, 985 F.Supp. 1465, 1470 (S.D.Fla.1997); 11 *Moore's Federal Practice* § 56.40[1][b] ("[w]hen the non-movant will bear the burden of persuasion at trial, the moving party may discharge its initial burden on the motion [for summary judgment] by producing evidence that negates the non-movant's claims or *defenses.*" (emphasis supplied)).

As discussed below, Plaintiffs lack standing, Defendants are immune from damages, and Plaintiffs' motion must be denied for failure to overcome immunity. As for the merits of their claim, the most relief that Plaintiffs could ever obtain is a declaratory judgment. Yet Plaintiffs' motion is premature for lack of discovery, and their statistical assertions are pure hearsay that are not entitled to any consideration.

Perhaps most importantly, the Court is prohibited from reaching Plaintiffs' statutory challenge until the State of Georgia provides its position and defense (if any) of the statute at issue.  Consequently, Plaintiffs' motion should be denied. That point is discussed next.

## II.   THE COURT CANNOT RULE ON THE MERITS OF PLAINTIFFS' CHALLENGE TO GEORGIA'S STATUTE UNTIL THE STATE PROVIDES ITS POSITION AND DEFENDS THE STATUTE

These Defendants are probate court judges who do not write the laws in Georgia. Plaintiffs want a different law than the one presently on the books. Judges

Jackson, Martin and Spires cannot change Georgia law, and they have no duty or burden to defend the statute.

Instead, if the State of Georgia wishes to defend its statute, then it must be provided with due process and it must defend the statute. The Court cannot rule in Plaintiffs' favor on the constitutional challenge until the State has its say.

Rule 5.1 says this:

(a) Notice by a Party. A party that files a pleading, written motion, or other paper **drawing into question the constitutionality** of a federal or s**tate statute** must promptly:

>(1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:

>>(A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or

>>(B) **a state statute is questioned** and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and

>(2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned—or on the state attorney general if a state statute is questioned—either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

(b) Certification by the Court. **The court must, under 28 U.S.C. §2403, certify to the appropriate attorney general that a statute has been questioned**.

(c) Intervention; Final Decision on the Merits. Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. **Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional**.

Fed.R.Civ.P. 56(d) (emphasis supplied).

Here, Plaintiffs sue Col. Chris Wright, Commissioner of the Georgia Department of Public Safety, in his official capacity. Arguably that meets the conditions for Rule 5.1 without a separate certification and the like. However, Defendant Wright has moved to dismiss based on lack of standing, without addressing the merits of Plaintiffs' Second Amendment challenge. Doc. 17-1. Defendants in their "official capacities" are not subject to suit because of the Eleventh Amendment.

So, with respect to adjudicating Plaintiffs' challenge to the statute, one possible scenario is that the Court could dismiss Defendant Wright for lack of standing, and the Court must dismiss "official capacity" claims based on the Eleventh Amendment. That would leave no State Defendant to defend the State statute. In that event, Rule 5.1's requirements for certification, notice and intervention would spring into effect upon dismissal of Defendant Wright.

The upshot is that, for purposes of the present motion, the Court cannot rule in Plaintiffs' favor on their constitutional challenge unless the State presents its position and argument.

## III.   PLAINTIFFS' CONSTITUTIONAL CHALLENGE IS OF DUBIOUS MERIT

In the meantime, these Defendants simply note that the Fifth Circuit has rejected a challenge practically identical to Plaintiffs' challenge. *NRA of Am., Inc. v. McCraw*, 719 F.3d 338 (5ᵗʰ Cir. 2013).  Plaintiffs' Fourth Circuit case is about *buying* guns from particular gun sellers, not about carrying them around in public. *Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives,* No. 19-2250, 2021 U.S. App. LEXIS 20705 (4th Cir. 2021) (invalidating ATF's ban on federal firearm licensed dealers to sell firearms to persons under 21 years of age).

It is also worth pointing out the patently false nature of Plaintiffs' claim that "this case presents 'the rare law that destroys the Second Amendment right altogether, thereby obviating any need for scrutiny analysis and requiring *Heller*-style per se invalidation.' *GeorgiaCarry.org*, 788 F.3d at 1325 (cleaned up)." Doc. 20-2 at 19. The <u>truth</u> is that, regardless of a GWL, and absent some disqualifier like a felony conviction, Plaintiffs have the right to own a firearm and keep them "on [their] … property or inside [their] … home, motor vehicle, or place of business without a valid weapons carry license." OCGA § 16-11-126 (a).

Thus the core Second Amendment concern of home defense is not implicated by unavailability of a GWL. See *United States v. Barton,* 633 F.3d 168, 170 (3d Cir.2011) ("At the 'core' of the Second Amendment is the right of 'law-abiding, responsible citizens to use arms in defense of hearth and home.' " (quoting

*Heller,* 128 S.Ct. at 2821)).

As for Plaintiffs' various statistics, several points are in order. First, statistics can be incomplete, cherry-picked or otherwise provide a misleading picture for a variety of reasons. Second, some statistics apparently tend to support that persons under 21 years old tend to pose more danger with firearms than older adults. *Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives*, No. 19-2250, 2021 U.S. App. LEXIS 20705, at *142 (4th Cir. July 13, 2021) (in dissent, pointing out that "the challenged [age-based] provisions are supported by crime and accident statistics"). Plaintiffs' claim about 2016 crime statistics is a rather poor proxy for whether a legislature has a legitimate basis to require people to be at least 21 years old before carrying a loaded firearm in public.

## IV. IMMUNITY PROTECTS DEFENDANTS AGAINST ALL MONETARY RELIEF, AND INJUNCTIVE RELIEF IS UNAVAILABLE

### A. GOVERNING LAW

Judges are entitled to absolute immunity for all actions taken in their judicial capacity, except where they act in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978)). Federal law bars injunctive relief under the circumstances of this case.

> [I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 USC § 1983.

Here of course there is no declaratory judgment, and so Plaintiffs cannot obtain an injunction. Likewise, Plaintiffs cannot obtain costs and attorney's fees against these Defendants. 42 U.S.C. 1988(b) provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction." Judges Jackson, Martin and Spires have not taken any action with regard to Plaintiffs, much less actions outside of their jurisdiction.

Another line of authority points to the same result. A 42 U.S.C. § 1983 action may not be used to compel a state court to take a particular course of action because this court has no authority to issue a writ directing state judicial officers in how to perform their duties. *Lamar v. 118 Judicial Dist. Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

Consequently, the only possible relief that Plaintiffs can obtain in this action

with regard to Judges Jackson, Martin and Spires is a declaratory judgment. However, Plaintiffs claim that probate judges do not conduct a judicial function in regard to Georgia Weapon Licenses (GWL), a claim considered next.

### B. DEFENDANTS ARE SUED SOLELY BECAUSE THEY ARE JUDGES, AND THEIR PERTINENT ROLE IS JUDICIAL

Plaintiffs assert that probate court judges do not conduct judicial functions in regard to GWLs. They are wrong.

For purposes of immunity, "the factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and ... whether [parties] dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S. Ct. 1099, 1107–08 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-12, 112 S. Ct. 286, 287-88, 116 L. Ed. 2d 9 (1991) (concluding that judicial immunity can be overcome only if the actions are not taken in the judge's judicial capacity or if the actions, though judicial in nature, are taken in the complete absence of jurisdiction); *Stegeman v. Georgia*, 290 F. App'x 320, 323 (11th Cir. 2008) (granting judicial immunity to Georgia probate judge).

Here, the Georgia legislature committed GWL rulings to probate judges, and only a probate court judge acting as such can rule on a GWL application. And, where "it was only because [the judge] served in that position that [a party] …

submitted the petition to [her] for ... approval," judicial immunity applies. *Stump*, 435 U.S. at 362. In the case of a GWL, the only reason that any probate judge would have any role in any Plaintiff's GWL application is the judge's position as judge of the probate court.

Aside from the test above, the legislature chose to commit GWL evaluation t*o judges* rather than clerical or executive officials.[1] The statute indicates that evaluation of a GWL permit is not merely clerical. A judge can deny a GWL where "facts establishing ineligibility have been reported or … the judge determines such applicant has not met all the qualifications, is not of good moral character, or has failed to comply with any of the requirements contained in this Code section." OCGA § 16-11-129(d)(4). Under the statute, a ruling on a GWL requires evaluation and judgment, which plainly is judicial in nature. Moreover, Georgia law provides an aggrieved GWL applicant with the right to an evidentiary hearing before the Probate Court judge. OCGA § 16-11-129(b.1), (j).

Another approach to get at whether a probate judge acts in a judicial capacity is by asking whether a GWL applicant can seek relief through certiorari, which only is available when the challenged decision is judicial in nature. *Mack II v. City of Atlanta*, 227 Ga. App. 305, 307(1), 489 S.E.2d 357, 359 (1997) ("In

---

[1] As Plaintiffs point out, some states commit firearm license processing to police agencies. Georgia chose to commit weapon permitting to judges, indicating a preference for judicial evaluation.

determining whether a writ of certiorari is the appropriate method of review we must decide whether the hearing officer whose order is being reviewed exercised judicial or quasi-judicial powers"). OCGA § 5-4-1 (a) provides: "The writ of certiorari shall lie for the correction of errors committed by any inferior judicatory or any person exercising judicial powers, *including the judge of the probate court*, except in cases touching the probate of wills, granting letters testamentary, and of administration."

A probate judge's decision on a GWL does not involve "probate of wills, granting letters testamentary, and of administration." Consequently, relief can be obtained through a certiorari petition. See OCGA § 16-11-129(j) (providing for relief from a GWL decision through mandamus "or other legal proceeding."). This supports that a probate judge's GWL decision is judicial in nature.[2]

## C. IMMUNITY APPLIES EVEN TO QUASI-JUDICIAL ACTION

Judicial immunity is broad. Even undertakings that do not seem to require judgment can still come within the ambit of judicial immunity. In *Withers v. Schroeder*, 304 Ga. 394, 398, 819 S.E.2d 49, 53 (2018), judicial immunity applied to "the court's making a report" to the Department of Driver Services. And in

---

[2]   The statute also provides for potential mandamus relief, but that does not answer any relevant question because a writ of mandamus can apply to a judge in relation to a judicial function. *See Brown v. Johnson*, 251 Ga. 436, 437, 306 S.E.2d 655, 656 (1983) (explaining procedure for filing mandamus action against superior court judge).

*Spann v. Davis*, 355 Ga. App. 673,  845 S.E.2d 415 (2020) (2020), the Georgia Court of Appeals affirmed quasi-judicial immunity for "Clerks [who] fail[ed] to report the cancellation of the FTA warrant to the interested government agency." *Id.* at 675. Mere reporting duties are protected by judicial immunity. *A fortiori*, so is a Probate Court Judge's evaluation and ruling on a GWL.

Even for non-judicial officers, an act may be quasi-judicial where "all parties are as a matter of right entitled to notice and to a hearing, with the opportunity afforded to present evidence under judicial forms of procedure… ." *Mack II v. City of Atlanta*, 227 Ga. App. 305, 307, 489 S.E.2d 357, 359 (1997) (quoting *South View Cemetery Assn. v. Hailey*, 199 Ga. 478, 34 S.E.2d 863 (1945)). Likewise, zoning and personnel decisions by non-judges routinely are viewed as quasi-judicial in nature. *See Riverdale Land Grp., LLC v. Clayton Cty.*, 354 Ga. App. 1, 840 S.E.2d 132 (2020) (zoning decision); *Salter v. City of Thomaston*, 200 Ga. App. 536, 536, 409 S.E.2d 88, 89 (1991) (in entertaining employee's appeal, City Manager acted in quasi-judicial capacity).

The upshot is that a probate judge's interaction with the GWL process at least falls into the category of quasi-judicial action, particularly where the function is committed to judges and judicial review is afforded to an aggrieved applicant.

In sum, there should be no serious debate that judicial or quasi-judicial immunity bars damages liability for Judges Jackson, Martin and Spires. Plaintiffs'

14

summary judgment motion on this point must be denied.

### D.  PLAINTIFFS CANNOT OVERCOME DEFENDANTS' IMMUNITY

According to Plaintiffs, "Probate Judges do not act in a judicial capacity when processing carry license applications." Doc. 20-2 at 9. Their only authority for that idea consist of dicta from cases in New Jersey and West Virginia, which have no application here.

Plaintiffs' basic argument against judicial immunity is the unsupported assertion that GWLs are ministerial only. Plaintiffs ignore significant portions of the GWL scheme, which provides for a wide variety of situations requiring clearly judicial action (like an evidentiary hearing).

Plaintiffs' only Georgia authority is *Comer v. Ross*, 100 Ga. 652, 28 S.E. 387 (1897), where the Supreme Court held that "fixing the amount of extra compensation to be allowed a temporary administrator, granting an order for same, and discharging him from the trust, were in no sense executive, ministerial, or clerical functions." *Id.* Obviously *Comer* says nothing about whether a probate judge acts in a judicial capacity when she evaluates and rules upon a GWL application. *Comer* held that the judge's actions were judicial. Aside from that, GWLs did not exist in 1897 when *Comer* was decided.

As a result, immunity protects these Defendants from personal financial liability, and Plaintiffs' motion for summary judgment must be denied.

### E.    IMMUNITY ALWAYS PROTECTS DEFENDANTS WHO RELY UPON A FACIALLY VALID STATE STATUTE

Regardless of the character of immunity involved (judicial, quasi-judicial, qualified, etc.), "[a]n official who reasonably relies on a facially valid state law may be entitled to qualified immunity if his conduct is later challenged." *Neita v. City of Chi.*, 830 F.3d 494, 499 (7th Cir. 2016); *Pierson v. Ray,* 386 U.S. 547, 555, 87 S. Ct. 1213, 1218, 18 L.Ed.2d 288, 295 (1967) (officer should be "excus[ed] ... from liability for acting under a statute that he reasonably believed to be valid but that was later held unconstitutional, on its face or as applied."); *Illinois v. Krull*, 480 U.S. 340, 349-50, 107 S. Ct. 1160, 1167, 94 L.Ed.2d 364, 375 (1987) ("Unless a statute is clearly unconstitutional, an officer cannot be expected to question the judgment of the legislature that passed the law."); *Rodriguez v. City of Cleveland*, 439 F. App'x 433, 448 (6th Cir. 2011) (holding "individual defendants are entitled to qualified immunity because they reasonably relied on a facially valid local ordinance."); *Gorromeo v. Zachares*, 15 F. App'x 555, 557 (9th Cir. 2001) ("Government officials are entitled to qualified immunity if they reasonably relied on a duly enacted statute (even if that statute is later held to be unconstitutional) … .").

Here, Plaintiffs challenge a facially valid state law, and the Probate Court judges have no authority to change the law. It is manifestly absurd even to suggest that a judge should pay any damages or costs or attorney's fees on the basis of a

statute that the judge had no role in creating or even applying to a particular Plaintiff, and which the judge has no authority to change. Immunity plainly bars all monetary relief sought by Plaintiffs against Judges Martin, Spires and Jackson.

## CONCLUSION

For all the foregoing reasons, Defendants show that Plaintiffs' premature motion for summary judgment is without merit and should be denied.

WILLIAMS, MORRIS & WAYMIRE, LLC

/s/ Jason C. Waymire
JASON C. WAYMIRE
Georgia Bar No. 742602
Attorney for Defendant Martin, Spires
and Jackson

Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30518
678-541-0790
678-541-0789
jason@wmwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **BRIEF and STATEMENT OF FACTS** upon all parties to all counsel through the Court's CM/ECF system.

This September 14, 2021.

/s/ *Jason Waymire*
JASON WAYMIRE

17