IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| CHRISTOPHER BAUGHCUM, JR., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| GENOLA JACKSON, et al., | ) ) ) |
| Defendants. | ) ) ) |

CIVIL ACTION NO.
3:21-cv-00036-DHB-BKE

RESPONSE OF DEFENDANT COL. CHRIS WRIGHT
TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS

Defendant Col. Chris Wright, Commissioner of the Department of Public Safety, files this response to Plaintiffs' Statement of Material Facts (Doc. 20-1) pursuant to Local Rule 56.1, showing the Court as follows:

1. Plaintiff Baughcum, Meyers, and Long ("Individual Plaintiffs") are residents of Georgia, over eighteen, but younger than twenty-one years old. None of the Individual Plaintiffs have ever been charged with or convicted of any offense that would prevent acquiring a carry license, and nothing except their age prevents them from acquiring a license. Baughcum Decl. ¶¶ 1, 3; Meyers Decl., ¶¶ 1, 3; Long Decl. ¶¶ 1, 3.

   RESPONSE:  Plaintiffs' SMF number 1 is not disputed for purposes of this motion. Defendant Wright responds further that a discovery stay is in place and discovery has not been conducted, and Defendant does not concede such fact is accurate for purposes other than the current summary judgment

1

motion. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (recognizing that "the 'facts,' as accepted for purposes of summary judgment, may not be the actual facts of the case ….").

2. The Individual Plaintiffs are acquainted with the proper and safe handling, use, and storage of handguns and handgun ammunition. Baughcum Decl. ¶ 4; Meyers Decl. ¶ 4; Long Decl. ¶ 4.

    RESPONSE: Plaintiffs' SMF number 2 is not disputed for purposes of this motion. Defendant Wright responds further that a discovery stay is in place and discovery has not been conducted, and Defendant does not concede such fact is accurate for purposes other than the current summary judgment motion. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (recognizing that "the 'facts,' as accepted for purposes of summary judgment, may not be the actual facts of the case ….").

3. The Individual Plaintiffs are members of the Firearms Policy Coalition. Baughcum Decl. ¶ 2; Meyers Decl. ¶ 2; Long Decl. ¶ 2.

    RESPONSE: Plaintiffs' SMF number 3 is not disputed for purposes of this motion. Defendant Wright responds further that a discovery stay is in place and discovery has not been conducted, and Defendant does not concede such fact is accurate for purposes other than the current summary judgment motion. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (recognizing that "the 'facts,' as accepted for purposes of summary judgment, may not be the actual facts of the case ….").

4. Baughcum owns a Smith and Wesson EZ Shield Handgun. He is a student and works part-time at a machine shop. He is concerned about rising violent crime in his area. His job requires him to travel alone to higher crime areas to drop off products and pick up raw materials. If he were not prevented from acquiring a carry license because of his age, he would apply for one forthwith. Upon issuance, he would on occasion carry a handgun for self-defense. Baughcum Decl. ¶ 6.

    RESPONSE: Plaintiffs' SMF number 4 is not disputed for purposes of this motion. Defendant Wright responds further that a discovery stay is in place and discovery has not been conducted, and Defendant does not concede such fact is accurate for purposes other than the current summary judgment motion. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (recognizing that "the 'facts,' as accepted for purposes of summary judgment, may not be the actual facts of the case ….").

5. Meyers owns a handgun. He works full time as an electrician. His work frequently requires him to travel to work sites alone in a truck that contains valuable tools and equipment. If he were not prevented from acquiring a carry license because of his age, he would apply for one forthwith. Upon issuance, he would on occasion carry a handgun for self-defense. Meyers Decl. ¶ 6.

    RESPONSE: Plaintiffs' SMF number 5 is not disputed for purposes of this motion. Defendant Wright responds further that a discovery stay is in place and discovery has not been conducted, and Defendant does not concede such

fact is accurate for purposes other than the current summary judgment motion. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (recognizing that "the 'facts,' as accepted for purposes of summary judgment, may not be the actual facts of the case ….").

6. Long is a full-time student, dual enrolled in high school and community college classes. She works part-time as a barista and frequently goes into town to run errands, shop, or get gasoline. The area has a local reputation for street crime and Long and her friends have been harassed when out in public. If she was not ineligible for a carry license because of her age, she would apply for one forthwith. Upon issuance, she would on occasion carry a handgun for self-defense. Long Decl. ¶ 6.

    RESPONSE: Plaintiffs' SMF number 6 is not disputed for purposes of this motion. Defendant Wright responds further that a discovery stay is in place and discovery has not been conducted, and Defendant does not concede such fact is accurate for purposes other than the current summary judgment motion. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (recognizing that "the 'facts,' as accepted for purposes of summary judgment, may not be the actual facts of the case ….").

7. Plaintiff Firearm Policy Coalition is a nonprofit organization dedicated to promoting the right to keep and bear arms. FPC's members include adults in Georgia between the ages of eighteen and twenty-one, including the Individual Plaintiffs, who would acquire carry licenses if not for their age. Combs Decl. ¶ 3–6.

RESPONSE: Plaintiffs' SMF number 7 is not disputed for purposes of this motion. Defendant Wright responds further that a discovery stay is in place and discovery has not been conducted, and Defendant does not concede such fact is accurate for purposes other than the current summary judgment motion. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (recognizing that "the 'facts,' as accepted for purposes of summary judgment, may not be the actual facts of the case ….").

## MATERIAL FACTS REQUIRING DENIAL OF PLAINTIFFS' MOTION

1. Defendant Chris Wright is a Colonel with the Georgia State Patrol and, since October 1, 2020, has served as Commissioner of the Georgia Department of Public Safety (DPS), in which capacity he oversees DPS and its divisions. (Declaration of Col. Chris Wright, Exh. A to Defendant Wright's Response in Opposition to Plaintiffs' MSJ, ¶ 2).

2. Pursuant to O.C.G.A. § 16-11-129(a)(3)(B)(iii), DPS furnishes blank forms, entitled "Application for Weapons Carry License," to county probate judges in the State of Georgia at no cost to the county. (Exh. A, Wright Decl., ¶ 3).

3. Aside from furnishing blank application forms to county probate judges, DPS has no involvement in the process by which individuals apply for a Georgia weapons carry license or seek renewal of such a license, and it plays no role in the issuance or denial of licenses or license renewal requests. (Exh. A, Wright Decl., ¶ 4).

4. DPS does not receive or review completed license applications, investigate whether an applicant meets the eligibility requirements set forth in O.C.G.A.

§ 16-11-129, determine which applicants meet Georgia's licensing requirements, or issue or deny licenses to any applicant. (Exh. A, Wright Decl., ¶ 4).

5. DPS is not involved in and plays no role in the processes for challenging the denial of a weapons carry license. (Exh. A, Wright Decl., ¶ 4).

Respectfully submitted,

**GEORGIA DEPARTMENT OF LAW**

CHRISTOPHER M. CARR        112505
Attorney General

BETH BURTON               027500
Deputy Attorney General

TINA M. PIPER             142469
Senior Assistant Attorney General

/s/ *Deborah Nolan Gore*
DEBORAH NOLAN GORE         437340
Assistant Attorney General

*Counsel for defendant Col. Chris Wright*

Please serve:
Deborah Nolan Gore
40 Capitol Square, S.W
Atlanta, GA  30334-1300
Telephone: (404) 458-3289
dgore@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **RESPONSE OF DEFENDANT COL. CHRIS WRIGHT TO PLAINTIFFS' STATEMENT OF MATEIRAL FACTS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record in this case.

This 28th day of September, 2021.

                                             */s/ Deborah Nolan Gore*
                                             DEBORAH NOLAN GORE

Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, GA  30334-1300
Telephone: (404) 458-3289
dgore@law.ga.gov