```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF GEORGIA
                     DUBLIN DIVISION


CHRISTOPHER BAUGHCUM, JR.; ZANE    *
MEYERS; SOPHIE LONG; and           *
FIREARMS POLICY COALITION, INC.,   *
                                   *
     Plaintiffs,                   *
                                   *
v.                                 *    CV 321-036
                                   *
GENOLA JACKSON, in her individual  *
capacity and in her official       *
capacity as Judge of the Laurens   *
County Probate Court; JANICE D.    *
SPIRES, in her individual capacity *
and in her official capacity as    *
Judge of the Houston County Probate*
Court; KATHRYN B. MARTIN, in her   *
individual capacity and in her     *
official capacity as Judge of the  *
Lamar County Probate Court; and    *
CHRIS WRIGHT, in his individual    *
capacity and in his official       *
capacity as Commissioner of the    *
Department of Public Safety,       *
                                   *
     Defendants.                   *
```

## O R D E R

Presently before the Court is Defendant Chris Wright's motion to dismiss the Complaint as against him on the basis of standing. Upon consideration of the Complaint, the parties' briefs, and the relevant law, the motion to dismiss Defendant Chris Wright is **GRANTED** for the following reasons.

### I.  BACKGROUND

This case involves the constitutionality of Georgia law governing the ability of persons between the ages of 18 and 21 to carry a loaded handgun in public.  The statutory framework at issue here is found within Georgia's criminal code under "Carrying and Possession of Firearms."  See generally O.C.G.A. §§ 16-11-126 and -129.  Section 16-11-126(a)-(f) begins by setting forth numerous circumstances in which a loaded handgun[1] may be carried *without* a valid Georgia weapons carry license.[2]  Beyond these exceptions, however, an individual who wishes to carry a loaded handgun in public must obtain a valid Georgia weapons carry license. O.C.G.A. § 16-11-126(h)(1).  The failure to do so constitutes the offense of carrying a weapon without a license, and a first offense is punishable as a misdemeanor.  O.C.G.A. § 16-11-126(h)(2).

Section 16-11-129 governs the application, issuance, and renewal process for weapons carry licenses, providing that the "judge[s] of probate court" in Georgia "shall issue" a license to eligible individuals.  The statute sets forth the circumstances in which an individual is ineligible to receive a license.  Relevant

---

[1]  Loaded long guns may be carried in public without a license if carried in an open and fully exposed manner.  O.C.G.A. § 16-11-126(b).

[2] Additional exceptions from Georgia's licensing requirements for individuals employed in certain public offices are set forth in O.C.G.A. § 16-11-130.

to this case is the exception that "[n]o weapons carry license shall be issued to . . . [a]ny person younger than 21 years of age." O.C.G.A. § 16-11-129(b)(2)(A).[3]

The individual Plaintiffs in this case, Christopher Baughcum, Jr., Zane Meyers, and Sophie Long, are all between the ages of 18 and 21, are not members of the armed forces, and otherwise meet the eligibility requirements, but are nevertheless ineligible to receive a Georgia weapons carry license because of their age. Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a non-profit organization existing to defend and promote citizens' Second Amendment right to keep and bear arms. The individual Plaintiffs are members of FPC, which brings this action on their behalf as well as all other 18 to 20-year old members who are unable to obtain a Georgia weapons carry license under the existing law. Through this lawsuit, Plaintiffs seek a declaratory judgment that the age requirement of 21-years-old is unconstitutional and seek an injunction barring enforcement of the challenged provision.

The Defendants include three Georgia probate court judges and the Georgia Commissioner of the Department of Public Safety, Defendant Chris Wright. The instant motion to dismiss was filed

---

[3] An individual younger than 21 but at least 18 may obtain a weapons carry license if he or she provides proof that he or she completed basic training in the armed forces of the United States and is actively serving or has been honorably discharged from service. O.C.G.A. § 16-11-129(b)(2)(A).

by Defendant Wright on the basis that Plaintiffs lack standing to bring their constitutional claims against him.

## II.  Standing Analysis

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies." The Eleventh Circuit Court of Appeals has explained that at the heart of the Article III case or controversy requirement, there are "three strands of justiciability doctrine-standing, ripeness, and mootness." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). This case involves the "standing" strand, which "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).  Whether a litigant has standing to sue "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 494 F.3d 1356, 1359 (11th Cir. 2007) (quotation omitted).

To establish standing, a litigant must show that he or she has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, 578

4

U.S. at 338.  The party invoking federal jurisdiction bears the burden of proving standing.  <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 661 (1992).

In this case, Defendant Wright claims that Plaintiffs have failed to allege facts sufficient to show that the injury for which they seek redress is fairly traceable to his conduct.  The Complaint points out that Defendant Wright "is responsible for 'furnish[ing] application forms and license forms' for weapons carry or renewal licenses."  (Compl., Doc. No. 1, ¶ 25 (citing O.C.G.A. § 16-11-129(a)(3)(B)(iii)).)  Indeed, the referenced statute provides:  "The Department of Public Safety shall furnish application forms and license forms required by this Code section.  The forms shall be furnished to each judge of each probate court within this state at no cost."  O.C.G.A. § 16-11-129(a)(3)(B)(iii).  Thus, the law imposes the duty upon Defendant Wright, as Commissioner of the Department of Public Safety, to provide the judges of probate courts with forms congruous with the statute governing the issuance of Georgia's weapons carry licenses.  The law does not impose upon the Commissioner or any part of the Department of Public Safety the duty to review completed applications or to determine whether the applicants are eligible for a license.  That responsibility falls upon the county probate court judges.  <u>See</u> O.C.G.A. § 16-11-129(a)(1) ("The judge of the

5

probate court of each county shall, on application under oath, on payment of a fee of $30.00, and on investigation of the applicant pursuant to subsections (b) and (d) of this Code section, issue a weapons carry license . . . ."). Defendant Wright's supply of forms to the probate courts does not grant him any authority or control over the decision to issue a license. Thus, the denial of licenses to persons under the age of 21 is not fairly traceable to Defendant Wright's conduct.

Plaintiffs respond that the content of the forms, i.e., the solicitation of the applicant's age which is pertinent to the eligibility inquiry, is sufficient to show traceability. Yet, Plaintiffs acknowledge, as they must, that the probate court judges are responsible for the actual licensing decision. Article III standing requires a causal connection between a plaintiff's injury and the defendant's challenged conduct. See Lujan, 504 U.S. at 560 (explaining that a plaintiff's injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party"). Here, Plaintiffs fail to show that the probate court judge's decision to grant or deny an application is in any way dependent upon or caused by the wording of the application form provided by Defendant Wright. The alleged injury is the denial of a Georgia weapons carry license; this injury is not fairly traceable to Defendant Wright's provision

of forms to the probate courts.  Cf. Jacobson v. Fla. Sec'y of State, 974 F.3d 1236, 1253-55 (11th Cir. 2020) (in a challenge to an election law that placed an incumbent's name on a ballot first in a gubernatorial election, the court concluded that plaintiffs had no standing to sue the Secretary of State, Florida's chief election officer, because the law tasked county supervisors (over which the Secretary of State had no control) with the duty to print the ballots).

### III.  CONCLUSION

Upon the foregoing, the Court concludes that Plaintiffs do not have standing to sue Defendant Chris Wright, the Commissioner of the Department of Public Safety.  For this reason, Defendant Wright's motion to dismiss (doc. no. 17) is **GRANTED**.  The Clerk shall terminate Defendant Wright as a party in the case.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of April, 2022.

UNITED STATES DISTRICT JUDGE