IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| CHRISTOPHER BAUGHCUM, JR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> GENOLA JACKSON, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 3:21-cv-<br> ) 00036-DHB-BKE <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs file this notice of supplemental authority to notify the Court of new authority supporting Plaintiffs' motion for summary judgment. In *New York State Rifle & Pistol Association, Inc. v. Bruen*, the Supreme Court invalidated a New York statute restricting public carriage of firearms, 597 U.S. ___ (2022), slip op. at 1–2; 30. *Bruen* rejected "the two step test that Courts of Appeals have developed to assess Second Amendment claims," holding its precedent did "not support applying means-end scrutiny in the Second Amendment context." *Id.* at 9–10. Instead, when a law restricting Second Amendment activity is challenged, the burden falls squarely on the government to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 10.

Here, Plaintiffs challenge Georgia's restrictions on 18-to-20-year-olds carrying firearms for self-defense. *Bruen* establishes, as Plaintiffs argued, *see* Br. 15–18, that such activity is squarely protected by the Second Amendment, *Bruen*, slip op. at 1 ("[T]he Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home."). No defendant has established that bans on 18-to-20-year-olds exercising this right are analogous

1

to historical restrictions that takes them outside the scope of the right. *See* Reply Br. at 1–2. Rather, the historical record shows just the opposite; 18-to-20-year-olds are protected by the Second Amendment to the same degree as other adults and restrictions on their rights are inconsistent with historical practice. Br. 13–14; Reply Br. 13–19. This is particularly clear from evidence dating to the time of the ratification of the Second Amendment and the period immediately thereafter, which is the most probative evidence of the scope of the Second Amendment. *See Bruen*, slip op. 26–29; *see also Jones v. Bonta*, 34 F.34th 704, 720–23 (9th Cir. 2022). In light of *Bruen*, this Court should grant summary judgment in Plaintiffs' favor and enjoin enforcement of Georgia's carry ban.

July 1, 2022

John R. Monroe
John Monroe Law, P.C.
156 Robert Jones Road
Dawsonville, GA 30534
(678) 362-7650
jrm@johnmonroelaw.com
State Bar No. 516193

Respectfully Submitted,

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
    *Admitted *pro hac vice*

*Attorneys for Plaintiffs*