IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

CHRISTOPHER BAUGHCUM, JR.; ZANE          *
MEYERS; SOPHIE LONG; and                 *
FIREARMS POLICY COALITION, INC.,         *
                                         *
     Plaintiffs,                         *
                                         *
v.                                       *     CV 321-036
                                         *
GENOLA JACKSON, in her individual        *
capacity and in her official             *
capacity as Judge of the Laurens         *
County Probate Court; JANICE D.          *
SPIRES, in her individual capacity       *
and in her official capacity as          *
Judge of the Houston County Probate      *
Court; and KATHRYN B. MARTIN, in         *
her individual capacity and in her       *
official capacity as Judge of the        *
Lamar County Probate Court;              *
                                         *
     Defendants.                         *

O R D E R

On May 20, 2021, Plaintiffs Christopher Baughcum, Jr., Zane Myers, and Sophie Long, who are between the ages of 18 and 21, initiated this lawsuit against the three probate judges who are responsible for administering the laws governing Georgia's weapons carry license in each Plaintiff's respective county of residence.[1]

---

[1] Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a non-profit organization existing to defend and promote citizens' Second Amendment right to keep and bear arms. The individual Plaintiffs are members of FPC, which brings this action on their

Through their complaint, Plaintiffs wish to be placed on equal footing in obtaining a Georgia weapons carry license as "qualified adults of all other ages." (Compl., Doc. No. 1, ¶ 7.) In April 2022, Georgia enacted "permitless carry" legislation that repealed the legislative *requirement* to obtain a weapons carry license in order to carry a concealed handgun in public. See Georgia Constitutional Carry Act, 2022 Ga. Laws 596 (S.B. 319) (eff. Apr. 12, 2022) ("Georgia CCA" hereinafter). Nevertheless, the ability to obtain a weapons carry license remains, and a license is still issued by the county probate judge. Also, the age requirement to be a "lawful weapons carrier" with or without a license remains 21 years or older.[2]

## I. Statutory Background

The ability of persons to carry a loaded handgun in public is governed by provisions in Georgia's criminal code under "Carrying and Possession of Firearms." See generally O.C.G.A. §§ 16-11-126 and -129. Prior to the Georgia CCA, a person who wished to carry a loaded handgun in public had to obtain a valid Georgia weapons

---

behalf as well as all other 18 to 20-year old members who are unable to obtain a Georgia weapons carry license under the existing law.

[2] There is an exception for persons who are 18 years of age and have served in the armed forces of the United States. See O.C.G.A. § 16-11-129(b)(2)(A).

carry license, see O.C.G.A. § 16-11-126(h)(1) (2021), assuming no legal exception to this requirement applied under O.C.G.A. § 16-11-126(a)-(f) (2021). The failure to do so would constitute the offense of carrying a weapon without a license. O.C.G.A. § 16-11-126(h)(2) (2021).

Section 16-11-129 governs the application, issuance, and renewal process for weapons carry licenses, providing that the judges of probate court in Georgia **shall issue** a license to eligible individuals. The statute sets forth the circumstances in which an individual is ineligible to receive a license. Relevant to this case is the exception that "[n]o weapons carry license shall be issued to . . . [a]ny person younger than 21 years of age." O.C.G.A. § 16-11-129(b)(2)(A). This is the provision that Plaintiffs challenge in their complaint.

While the ability to obtain a weapons carry license from a county probate judge still exists, the Georgia CCA eliminated it as a requirement to carry. Now, generally speaking, any "lawful weapons carrier" may carry concealed handguns in public places without a license issued by a probate judge. See O.C.G.A. § 16-11-126(a)-(f). The law defines a "lawful weapons carrier" as a person who is eligible to obtain a Georgia weapons carry license under § 16-11-129, see O.C.G.A. § 16-11-125.1(2.1), which still requires an applicant to be 21 years of age or older. Thus,

3

Plaintiffs remain ineligible to carry a concealed handgun in public.

## II. Article III's Justiciability Requirements

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies." The Eleventh Circuit Court of Appeals has explained that at the heart of the Article III case or controversy requirement, there are "three strands of justiciability doctrine-standing, ripeness, and mootness." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).

"The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." Digital Prop., Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997). As the Eleventh Circuit has put it, courts must resolve whether a claim is "sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." Cheffer v. Reno, 55 F.3d 1517, 1524 (11th Cir. 1995); see also Wollschlaeger v. Governor, Fla., 848 F.3d 1293, 1304 (11th Cir. 2017) (stating that ripeness is a "justiciability doctrine designed to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract

4

disagreements" (cleaned up and citations omitted)). In this case, the Probate Judge Defendants contend that the constitutional claim concerning a denied application for a Georgia weapons carry license is not ripe because Plaintiffs have not applied for one. The Court agrees.

The parties in the case focus their briefing on whether this is a pre-enforcement challenge case from a prosecutorial standpoint. Yet, the application process for a weapons carry license from the Probate Judge Defendants does not involve a threat of prosecution. That is, prior to the question of whether there is a credible threat of prosecution should Plaintiffs carry a concealed handgun in public without a license is the question of whether they have been denied a license from their county probate judges. Plaintiffs have failed to take this necessary step in order to legally challenge the conduct of the Probate Judge Defendants in the manner in which they do in their complaint. Thus, Plaintiff have asked this Court to become entangled in an abstract disagreement between Plaintiffs and the Probate Judge Defendants. The Court declines to do so.

For the same reason, Plaintiffs have failed to show they have standing to challenge the constitutionality of the Probate Judge Defendants' conduct. Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress

5

for a legal wrong." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). To establish standing, a litigant must show that he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id.

In this case, Plaintiffs have not suffered "an injury in fact" because they have not been denied a Georgia weapons carry license. More importantly, they have not suffered an injury "fairly traceable" to the conduct of the Probate Judge Defendants. This element of standing is essentially one of causation. The Probate Judge Defendants have not *caused* any harm to Plaintiffs because they have never engaged with Plaintiffs in any manner whatsoever. In short, without having been denied a Georgia weapons carry license by the Probate Judge Defendants, Plaintiffs do not have standing to challenge their conduct.

Finally, the Court concludes that the issues presented in this case are moot after the passage of the Georgia CCA. "A case becomes moot — and therefore no longer a 'Case' or 'Controversy' for purposes of Article III — 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). The Eleventh Circuit has held that "a case must be dismissed as moot if events

that occur subsequent to the filing of a lawsuit deprive the court of the ability to give the plaintiff meaningful relief." Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1267 (11th Cir. 2020). As stated by a sister court, "[a] claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome." Metro. Delivery Corp. v. Teamsters Local Union 769, 2020 WL 5027415, at *3 (S.D. Fla. Jul. 7, 2020) (cited sources omitted); see also Flast v. Cohen, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented.").

In this case, Plaintiffs' complaint centers around their inability to carry a loaded handgun in public because of their age. They named their county probate judges as Defendants because at the time a Georgia weapons carry license was required for any Georgia adult resident to carry a loaded handgun in public (unless an exception applied). Plaintiffs sought a declaratory judgment that this age ban from obtaining a license is unconstitutional, and they sought to enjoin enforcement of the ban by the Probate Judge Defendants. Now, the Court cannot afford the relief that Plaintiffs requested from the Probate Judge Defendants because they are prohibited from carrying a firearm in public regardless of whether the Probate Judge Defendants issue a license to them.

Stated another way, the Probate Judge Defendants have no further concern over the exclusion of 18 to 20-year-olds carrying a concealed handgun in public. Thus, the issue has become moot as to the Probate Judge Defendants.

III. Conclusion

Upon the foregoing, Plaintiffs have not presented a case or controversy between themselves and the Probate Judge Defendants within the meaning of Article III. Thus, the Court does not have jurisdiction over their claims. Accordingly, the case is hereby **DISMISSED**. The Clerk is directed to **TERMINATE** all pending motions and **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of October, 2022.

_____
UNITED STATES DISTRICT JUDGE