APPEAL,CLOSED,DISCSTAY

# U.S. District Court
## Southern District of Georgia (Dublin)
## CIVIL DOCKET FOR CASE #: 3:21−cv−00036−DHB−BKE

Baughcum et al v. Jackson et al
Assigned to: Judge Dudley H. Bowen
Referred to: Magistrate Judge Brian K. Epps
Cause: 42:1983 Civil Rights Act

Date Filed: 05/20/2021
Date Terminated: 10/06/2022
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Christopher Baughcum, Jr.**
*TERMINATED: 10/06/2022*

represented by **David H. Thompson**
Cooper & Kirk, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
202−220−9600
Email: dthompson@cooperkirk.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John R. Monroe**
John Monroe Law, P.C.
156 Robert Jones Road
30534
Dawsonville, GA 30534
678−362−7650
Fax: 678−744−3464
Email: jrm@johnmonroelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter A. Patterson**
Cooper & Kirk, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
202−220−9600
Email: ppatterson@cooperkirk.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William V. Bergstrom**
Cooper & Kirk, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
202−220−9622
Email: wbergstrom@cooperkirk.com
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Zane Meyers**                          represented by   **David H. Thompson**
*TERMINATED: 10/06/2022*                                 (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **John R. Monroe**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Peter A. Patterson**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **William V. Bergstrom**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sophie Long**                          represented by   **David H. Thompson**
*TERMINATED: 10/06/2022*                                 (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **John R. Monroe**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Peter A. Patterson**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **William V. Bergstrom**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Firearms Policy Coalition, Inc.**
*TERMINATED: 10/06/2022*

represented by  **David H. Thompson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John R. Monroe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter A. Patterson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William V. Bergstrom**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Genola Jackson**
*in her individual capacity and in her*
*official capacity as Judge of the Laurens*
*County Probate Court*
*TERMINATED: 10/06/2022*

represented by  **Jason Waymire**
Williams, Morris & Waymire, LLC
4330 South Lee St., NE
Bldg 400, Suite A
Buford, GA 30518−3027
678−541−0790
Fax: 678−541−0789
Email: jason@wmwlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deborah Nolan Gore**
State of Georgia
40 Capitol Square SW
Atlanta, GA 30334
404−458−3289
Email: dgore@law.ga.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Janice D. Spires**
*in her individual capacity and in her*
*official capacity as Judge of the Houston*

represented by  **Jason Waymire**
(See above for address)
*LEAD ATTORNEY*

3

*County Probate Court*
*TERMINATED: 10/06/2022*

*ATTORNEY TO BE NOTICED*

**Deborah Nolan Gore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kathryn B. Martin**
*in her individual capacity and in her*
*official capacity as Judge of the Lamar*
*County Probate Court*
*TERMINATED: 10/06/2022*

represented by **Jason Waymire**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deborah Nolan Gore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chris Wright**
*in his individual capacity and in his*
*official capacity as Commissioner of the*
*Department of Public Safety*
*TERMINATED: 04/05/2022*

represented by **Deborah Nolan Gore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/20/2021 | 1 | | COMPLAINT against All Defendants, filed by Christopher Baughcum, Jr, Zane Meyers, Firearms Policy Coalition, Inc., Sophie Long.(pts) (Entered: 05/21/2021) |
| 05/20/2021 | 2 | | Disclosure Statement pursuant to Local Rule 7.1.1 by Christopher Baughcum, Jr, Firearms Policy Coalition, Inc., Sophie Long, Zane Meyers. (pts) (Entered: 05/21/2021) |
| 05/20/2021 | | | Filing fee: $ 402, receipt number CGASDC−3109679. (pts) (Entered: 05/21/2021) |
| 05/21/2021 | 3 | | Summons Issued as to All Defendants. (pts) (Entered: 05/21/2021) |
| 05/21/2021 | 4 | | RULE 26(f) ORDER. Signed by Magistrate Judge Brian K. Epps on 5/21/2021. (pts) (Entered: 05/21/2021) |
| 06/02/2021 | 5 | | MOTION for Leave to Appear Pro Hac Vice *for David H. Thompson on behalf of all Plaintiffs* Receipt Number AGASDC−3117047, Fee Amount $200, by Christopher Baughcum, Jr, Firearms Policy Coalition, Inc., Sophie Long, Zane Meyers. Responses due by 6/16/2021. (Attachments: # 1 Exhibit Certification of Previous Admissions, # 2 Exhibit Certificate of Good Standing)(Monroe, John) (Additional attachment(s) added on 6/2/2021: # 3 Motion, # 4 proposed order) (slt). (Entered: 06/02/2021) |
| 06/02/2021 | 6 | | MOTION for Leave to Appear Pro Hac Vice *for Peter A. Patterson on behalf of all Plaintiffs* Receipt Number AGASDC−3117051, Fee Amount $200, by Christopher Baughcum, Jr, Firearms Policy Coalition, Inc., Sophie Long, Zane Meyers. Responses due by 6/16/2021. (Attachments: # 1 Exhibit Certification of |

| | | |
|---|---|---|
| | | Previous Admissions, # 2 Exhibit Certificate of Good Standing)(Monroe, John) (Additional attachment(s) added on 6/2/2021: # 3 Motion, # 4 Proposed Order) (slt). (Entered: 06/02/2021) |
| 06/02/2021 | 7 | MOTION for Leave to Appear Pro Hac Vice *for William Bergstrom on behalf of all Plaintiffs* Receipt Amount AGASDC−3117053, Fee Amount $200, by Christopher Baughcum, Jr, Firearms Policy Coalition, Inc., Sophie Long, Zane Meyers. Responses due by 6/16/2021. (Attachments: # 1 Exhibit Certification of Previous Admissions, # 2 Exhibit Certificate of Good Standing)(Monroe, John) (Entered: 06/02/2021) |
| 06/03/2021 | 8 | WAIVER OF SERVICE Returned Executed by Kathryn B. Martin, Janice D. Spires, Genola Jackson. Kathryn B. Martin waiver sent on 5/21/2021, answer due 7/20/2021; Janice D. Spires waiver sent on 5/21/2021, answer due 7/20/2021; Genola Jackson waiver sent on 5/21/2021, answer due 7/20/2021. (Waymire, Jason) (Entered: 06/03/2021) |
| 06/08/2021 | 9 | ORDER granting 5 Motion for Leave to Appear Pro Hac Vice for Attorney David H. Thompson. Signed by Judge Dudley H. Bowen on 6/8/2021. (ca) (Entered: 06/08/2021) |
| 06/08/2021 | 10 | ORDER granting 6 Motion for Leave to Appear Pro Hac Vice for Attorney Peter A. Patterson. Signed by Judge Dudley H. Bowen on 6/8/2021. (ca) (Entered: 06/08/2021) |
| 06/08/2021 | 11 | ORDER granting 7 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Dudley H. Bowen on 06/08/2021. (maa) (Entered: 06/08/2021) |
| 06/10/2021 | 12 | WAIVER OF SERVICE Returned Executed by Chris Wright. Chris Wright waiver sent on 5/21/2021, answer due 7/20/2021. (Gore, Deborah) (Entered: 06/10/2021) |
| 07/09/2021 | 13 | Consent MOTION for Extension of Time to File Answer re 1 Complaint by Genola Jackson, Kathryn B. Martin, Janice D. Spires, Chris Wright. Responses due by 7/23/2021. (Attachments: # 1 Text of Proposed Order on Defendants' Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiffs' Complaint)(Gore, Deborah) (Entered: 07/09/2021) |
| 07/09/2021 | | MOTIONS REFERRED: 13 Consent MOTION for Extension of Time to File Answer re 1 Complaint. (JH) (Entered: 07/09/2021) |
| 07/13/2021 | 14 | ORDER granting 13 Motion for Extension of Time for Defendants to Answer 1 Complaint. (Genola Jackson answer due 8/10/2021; Kathryn B. Martin answer due 8/10/2021; Janice D. Spires answer due 8/10/2021; Chris Wright answer due 8/10/2021.). Signed by Magistrate Judge Brian K. Epps on 07/13/2021. (jlh) (Entered: 07/13/2021) |
| 07/26/2021 | 15 | REPORT of Rule 26(f) Planning Meeting. (Patterson, Peter) (Entered: 07/26/2021) |
| 07/26/2021 | | MOTIONS REFERRED: 15 REPORT of Rule 26(f) Planning Meeting. (JH) (Entered: 07/26/2021) |
| 08/02/2021 | 16 | SCHEDULING ORDER: Amended Pleadings due by 9/7/2021; Discovery due by 11/29/2021; Motions due by 12/27/2021; Expert Witness Report (Plaintiff) due by 9/13/2021; and Expert Witness Report (Defendant) due by 10/13/2021. |

| | | |
|---|---|---|
| | | Signed by Magistrate Judge Brian K. Epps on 08/02/2021. (jlh) (Entered: 08/02/2021) |
| 08/10/2021 | 17 | MOTION to Dismiss by Chris Wright. Responses due by 8/24/2021. (Attachments: # 1 Briefs Brief in Support)(Gore, Deborah) (Entered: 08/10/2021) |
| 08/10/2021 | 18 | MOTION to Stay *Discovery* by Chris Wright. Responses due by 8/24/2021. (Attachments: # 1 Briefs Brief in Support, # 2 Text of Proposed Order Proposed Order)(Gore, Deborah) (Entered: 08/10/2021) |
| 08/10/2021 | | MOTIONS REFERRED: 18 MOTION to Stay *Discovery.* (slt) (Entered: 08/10/2021) |
| 08/10/2021 | 19 | MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim* by Genola Jackson, Kathryn B. Martin, Janice D. Spires. Responses due by 8/24/2021. (Attachments: # 1 Briefs)(Waymire, Jason) (Entered: 08/10/2021) |
| 08/24/2021 | 20 | Cross MOTION for Summary Judgment by Christopher Baughcum, Jr, Firearms Policy Coalition, Inc., Sophie Long, Zane Meyers. Responses due by 9/14/2021. (Attachments: # 1 Stmt of Material Fact, # 2 Briefs, # 3 Affidavit of Plaintiff Baughcum, # 4 Affidavit of Plaintiff Meyers, # 5 Affidavit of Plaintiff Long, # 6 Affidavit of Plaintiff Firearms Policy Coalition, # 7 Affidavit of Attorney William V. Bergstrom, # 8 Exhibit A, # 9 Exhibit B)(Thompson, David) (Entered: 08/24/2021) |
| 08/24/2021 | 21 | RESPONSE in Opposition re 19 MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim*, 17 MOTION to Dismiss filed by Christopher Baughcum, Jr, Firearms Policy Coalition, Inc., Sophie Long, Zane Meyers. (Thompson, David) (Entered: 08/24/2021) |
| 08/25/2021 | 22 | NOTICE issued re: 20 Cross MOTION for Summary Judgment by Christopher Baughcum, Jr, Firearms Policy Coalition, Inc., Sophie Long, Zane Meyers. Responses due by 9/14/2021. (Thompson, David) (JH) (Entered: 08/25/2021) |
| 08/30/2021 | 23 | ORDER granting 18 Motion to Stay discovery, and stays discovery pending resolution of the 17 Motion to Dismiss. Should any portion of the case against Defendant Wright remain after resolution of Defendant's motion, the parties shall confer and submit a Rule 26(f) Report within seven days of the presiding District Judge's ruling. In the event the presiding District Judge provides further instructions to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report. Signed by Magistrate Judge Brian K. Epps on 08/30/2021. (jlh) Modified on 8/30/2021 (jlh). (Entered: 08/30/2021) |
| 08/31/2021 | 24 | REPLY to Response to Motion re 17 MOTION to Dismiss filed by Chris Wright. (Gore, Deborah) (Entered: 08/31/2021) |
| 09/02/2021 | 25 | MOTION for Extension of Time to File Response/Reply as to 20 Cross MOTION for Summary Judgment by Chris Wright. Responses due by 9/16/2021. (Attachments: # 1 Text of Proposed Order re Motion for Extension of Time)(Gore, Deborah) (Entered: 09/02/2021) |
| 09/09/2021 | 26 | RESPONSE in Opposition re 25 MOTION for Extension of Time to File Response/Reply as to 20 Cross MOTION for Summary Judgment filed by Christopher Baughcum, Jr, Firearms Policy Coalition, Inc., Sophie Long, Zane |

| | | | |
|---|---|---|---|
| | | | Meyers. (Attachments: # 1 Text of Proposed Order)(Thompson, David) (Entered: 09/09/2021) |
| 09/10/2021 | 27 | | NOTICE of Intent *to File Reply Brief and Request for Clarification re 26 RESPONSE in Opposition re 25 MOTION for Extension of Time to File Response/Reply as to 20 Cross MOTION for Summary Judgment by Chris Wright. (Gore, Deborah) Document Linked. Modified on 9/13/2021 (thb). (Entered: 09/10/2021)* |
| 09/13/2021 | 29 | | ORDER granting in part 25 Motion for Extension of Time to File Response/Reply re 20 Cross MOTION for Summary Judgment. Defendant Chris Wright may respond to the cross motion for summary judgment by close of business on September 28, 2021.) Signed by Judge Dudley H. Bowen on 09/13/2021. (jlh) (Entered: 09/13/2021) |
| 09/14/2021 | 30 | | Joint MOTION to Continue/Stay *(for relief under Rule 56(d))* by Genola Jackson, Kathryn B. Martin, Janice D. Spires. Responses due by 9/28/2021. (Attachments: # 1 Affidavit of counsel supporting stay, # 2 Briefs)(Waymire, Jason) Modified on 9/14/2021 (thb). (Entered: 09/14/2021) |
| 09/14/2021 | 31 | | RESPONSE in Opposition re 20 Cross MOTION for Summary Judgment filed by Genola Jackson, Kathryn B. Martin, Janice D. Spires. (Attachments: # 1 Stmt of Material Fact)(Waymire, Jason) (Entered: 09/14/2021) |
| 09/15/2021 | 32 | | Consent MOTION for Extension of Time to File Response/Reply as to 31 Response in Opposition to Motion by Christopher Baughcum, Jr, Firearms Policy Coalition, Inc., Sophie Long, Zane Meyers. Responses due by 9/29/2021. (Attachments: # 1 Text of Proposed Order)(Thompson, David) (Entered: 09/15/2021) |
| 09/17/2021 | 33 | | RESPONSE in Opposition re 30 MOTION to Stay filed by Christopher Baughcum, Jr, Firearms Policy Coalition, Inc., Sophie Long, Zane Meyers. (Attachments: # 1 Text of Proposed Order)(Thompson, David) (Entered: 09/17/2021) |
| 09/21/2021 | 34 | | ORDER granting 32 Motion for Extension of Time to File Reply to 31 Response in Opposition to Motion. Responses due by 10/12/2021. Signed by Judge Dudley H. Bowen on 09/21/2021. (maa) (Entered: 09/21/2021) |
| 09/28/2021 | 35 | | RESPONSE in Opposition re 20 Cross MOTION for Summary Judgment filed by Chris Wright. (Attachments: # 1 Exhibit Ex. A − Wright Declaration)(Gore, Deborah) (Entered: 09/28/2021) |
| 09/28/2021 | 36 | | RESPONSE to Statement of Material Facts re: 20 Cross MOTION for Summary Judgment filed by Christopher Baughcum, Jr., Firearms Policy Coalition, Inc., Sophie Long, Zane Meyers filed by Chris Wright. (Gore, Deborah) Modified on 9/28/2021 (slt). (Entered: 09/28/2021) |
| 09/28/2021 | 37 | | NOTICE of Intent *to File Reply* by Christopher Baughcum, Jr, Firearms Policy Coalition, Inc., Sophie Long, Zane Meyers re 35 Response in Opposition to Motion. (Thompson, David) (Entered: 09/28/2021) |
| 10/12/2021 | 38 | | Brief in Support re 20 Cross MOTION for Summary Judgment filed by Christopher Baughcum, Jr, Firearms Policy Coalition, Inc., Sophie Long, Zane Meyers. (Thompson, David) (Entered: 10/12/2021) |

| 12/01/2021 | 39 | | NOTICE by Genola Jackson, Kathryn B. Martin, Janice D. Spires re 20 Cross MOTION for Summary Judgment *(notice that Plaintiffs' primary authority has been vacated)* (Waymire, Jason) (Entered: 12/01/2021) |
|---|---|---|---|
| 04/05/2022 | 40 | | ORDER granting 17 Motion to Dismiss. The Court concludes that Plaintiffs do not have standing to sue Defendant Chris Wright, the Commissioner of the Department of Public Safety. Signed by Judge Dudley H. Bowen on 04/05/2022. (jlh) (Entered: 04/05/2022) |
| 05/31/2022 | 41 | | NOTICE of Supplemental Authority by Christopher Baughcum, Jr, Firearms Policy Coalition, Inc., Sophie Long, Zane Meyers (Attachments: # 1 Exhibit United States v. Jimenez−Shilon Opinion, # 2 Exhibit Jones v. Bonta Opinion)(Thompson, David) Modified on 5/31/2022 (slt). (Entered: 05/31/2022) |
| 07/01/2022 | 42 | | NOTICE by Christopher Baughcum, Jr, Firearms Policy Coalition, Inc., Sophie Long, Zane Meyers *of Supplemental Authority* (Attachments: # 1 Exhibit NYSRPA v. Bruen)(Thompson, David) (Entered: 07/01/2022) |
| 10/06/2022 | 43 | | ORDERED that this case is hereby dismissed. The Clerk is directed to terminate all pending motions and close this case. Signed by Judge Dudley H. Bowen on 10/6/22. (loh) (Entered: 10/06/2022) |
| 10/06/2022 | 44 | | CLERK'S JUDGMENT entered dismissing Plaintiffs' complaint. (loh) (Entered: 10/06/2022) |
| 10/11/2022 | 45 | | NOTICE OF APPEAL by Christopher Baughcum, Jr, Firearms Policy Coalition, Inc., Sophie Long, Zane Meyers. Filing fee $ 505, receipt number AGASDC−3444344. (Attachments: # 1 Exhibit Ex. A − Order, April 5, 2022, # 2 Exhibit Ex. B − Order, Oct. 6, 2022, # 3 Exhibit Ex. C − Judgment)(Thompson, David) (Entered: 10/11/2022) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BAUGHCUM, JR., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:21-cv-00036-DHB-BKE |
| GENOLA JACKSON, et al., | ) ) ) | |
| Defendants. | ) ) | |

### PLAINTIFFS' NOTICE OF APPEAL

Notice is hereby given that Plaintiffs Christopher Baughcum Jr., Zane Meyers, Sophie Long, and Firearms Policy Coalition, Inc. appeal to the United States Court of Appeals for the Eleventh Circuit from the Court's orders and judgment dismissing this case, Exhibit A, "Order," Doc. 40 (April 5, 2022); Exhibit B, "Order," Doc. 43 (Oct. 6, 2022); Exhibit C, "Judgment," Doc. 44 (Oct. 6, 2022). Copies of these documents are attached hereto.

October 11, 2022

John R. Monroe
John Monroe Law, P.C.
156 Robert Jones Road
Dawsonville, GA 30534
(678) 362-7650
jrm@johnmonroelaw.com
State Bar No. 516193

Respectfully Submitted,

/s/ David H. Thompson
David H. Thompson
Peter A. Patterson
William V. Bergstrom
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
Admitted *pro hac vice*

*Attorneys for Plaintiffs*

1

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

```
CHRISTOPHER BAUGHCUM, JR.; ZANE     *
MEYERS; SOPHIE LONG; and            *
FIREARMS POLICY COALITION, INC.,    *
                                    *
     Plaintiffs,                    *
                                    *
v.                                  *      CV  321-036
                                    *
GENOLA JACKSON, in her individual   *
capacity and in her official        *
capacity as Judge of the Laurens    *
County Probate Court; JANICE D.     *
SPIRES, in her individual capacity  *
and in her official capacity as     *
Judge of the Houston County Probate *
Court; KATHRYN B. MARTIN, in her    *
individual capacity and in her      *
official capacity as Judge of the   *
Lamar County Probate Court; and     *
CHRIS WRIGHT, in his individual     *
capacity and in his official        *
capacity as Commissioner of the     *
Department of Public Safety,        *
                                    *
     Defendants.                    *
```

---

**O R D E R**

---

Presently before the Court is Defendant Chris Wright's motion to dismiss the Complaint as against him on the basis of standing. Upon consideration of the Complaint, the parties' briefs, and the relevant law, the motion to dismiss Defendant Chris Wright is **GRANTED** for the following reasons.

## I.  BACKGROUND

This case involves the constitutionality of Georgia law governing the ability of persons between the ages of 18 and 21 to carry a loaded handgun in public.  The statutory framework at issue here is found within Georgia's criminal code under "Carrying and Possession of Firearms."  See generally O.C.G.A. §§ 16-11-126 and -129.  Section 16-11-126(a)-(f) begins by setting forth numerous circumstances in which a loaded handgun[1] may be carried *without* a valid Georgia weapons carry license.[2]  Beyond these exceptions, however, an individual who wishes to carry a loaded handgun in public must obtain a valid Georgia weapons carry license.  O.C.G.A. § 16-11-126(h)(1).  The failure to do so constitutes the offense of carrying a weapon without a license, and a first offense is punishable as a misdemeanor.  O.C.G.A. § 16-11-126(h)(2).

Section 16-11-129 governs the application, issuance, and renewal process for weapons carry licenses, providing that the "judge[s] of probate court" in Georgia "shall issue" a license to eligible individuals.  The statute sets forth the circumstances in which an individual is ineligible to receive a license.  Relevant

---

[1]  Loaded long guns may be carried in public without a license if carried in an open and fully exposed manner.  O.C.G.A. § 16-11-126(b).

[2] Additional exceptions from Georgia's licensing requirements for individuals employed in certain public offices are set forth in O.C.G.A. § 16-11-130.

to this case is the exception that "[n]o weapons carry license shall be issued to . . . [a]ny person younger than 21 years of age."  O.C.G.A. § 16-11-129(b)(2)(A).[3]

The individual Plaintiffs in this case, Christopher Baughcum, Jr., Zane Meyers, and Sophie Long, are all between the ages of 18 and 21, are not members of the armed forces, and otherwise meet the eligibility requirements, but are nevertheless ineligible to receive a Georgia weapons carry license because of their age. Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a non-profit organization existing to defend and promote citizens' Second Amendment right to keep and bear arms.  The individual Plaintiffs are members of FPC, which brings this action on their behalf as well as all other 18 to 20-year old members who are unable to obtain a Georgia weapons carry license under the existing law. Through this lawsuit, Plaintiffs seek a declaratory judgment that the age requirement of 21-years-old is unconstitutional and seek an injunction barring enforcement of the challenged provision.

The Defendants include three Georgia probate court judges and the Georgia Commissioner of the Department of Public Safety, Defendant Chris Wright.  The instant motion to dismiss was filed

---

[3] An individual younger than 21 but at least 18 may obtain a weapons carry license if he or she provides proof that he or she completed basic training in the armed forces of the United States and is actively serving or has been honorably discharged from service. O.C.G.A. § 16-11-129(b)(2)(A).

by Defendant Wright on the basis that Plaintiffs lack standing to bring their constitutional claims against him.

## II. Standing Analysis

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies." The Eleventh Circuit Court of Appeals has explained that at the heart of the Article III case or controversy requirement, there are "three strands of justiciability doctrine-standing, ripeness, and mootness." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). This case involves the "standing" strand, which "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). Whether a litigant has standing to sue "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 494 F.3d 1356, 1359 (11th Cir. 2007) (quotation omitted).

To establish standing, a litigant must show that he or she has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, 578

4

U.S. at 338.   The party invoking federal jurisdiction bears the burden of proving standing.   Lujan v. Defs. of Wildlife, 504 U.S. 555, 661 (1992).

In this case, Defendant Wright claims that Plaintiffs have failed to allege facts sufficient to show that the injury for which they seek redress is fairly traceable to his conduct.   The Complaint points out that Defendant Wright "is responsible for 'furnish[ing] application forms and license forms' for weapons carry or renewal licenses."   (Compl., Doc. No. 1, ¶ 25 (citing O.C.G.A. § 16-11-129(a)(3)(B)(iii)).)   Indeed, the referenced statute provides:  "The Department of Public Safety shall furnish application forms and license forms required by this Code section. The forms shall be furnished to each judge of each probate court within this state at no cost."  O.C.G.A. § 16-11-129(a)(3)(B)(iii). Thus, the law imposes the duty upon Defendant Wright, as Commissioner of the Department of Public Safety, to provide the judges of probate courts with forms congruous with the statute governing the issuance of Georgia's weapons carry licenses.   The law does not impose upon the Commissioner or any part of the Department of Public Safety the duty to review completed applications or to determine whether the applicants are eligible for a license.   That responsibility falls upon the county probate court judges.   See O.C.G.A. § 16-11-129(a)(1) ("The judge of the

probate court of each county shall, on application under oath, on payment of a fee of $30.00, and on investigation of the applicant pursuant to subsections (b) and (d) of this Code section, issue a weapons carry license . . . .").  Defendant Wright's supply of forms to the probate courts does not grant him any authority or control over the decision to issue a license.  Thus, the denial of licenses to persons under the age of 21 is not fairly traceable to Defendant Wright's conduct.

Plaintiffs respond that the content of the forms, i.e., the solicitation of the applicant's age which is pertinent to the eligibility inquiry, is sufficient to show traceability.  Yet, Plaintiffs acknowledge, as they must, that the probate court judges are responsible for the actual licensing decision.  Article III standing requires a causal connection between a plaintiff's injury and the defendant's challenged conduct.  See Lujan, 504 U.S. at 560 (explaining that a plaintiff's injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party").  Here, Plaintiffs fail to show that the probate court judge's decision to grant or deny an application is in any way dependent upon or caused by the wording of the application form provided by Defendant Wright.  The alleged injury is the denial of a Georgia weapons carry license; this injury is not fairly traceable to Defendant Wright's provision

of forms to the probate courts.  Cf. Jacobson v. Fla. Sec'y of State, 974 F.3d 1236, 1253-55 (11th Cir. 2020) (in a challenge to an election law that placed an incumbent's name on a ballot first in a gubernatorial election, the court concluded that plaintiffs had no standing to sue the Secretary of State, Florida's chief election officer, because the law tasked county supervisors (over which the Secretary of State had no control) with the duty to print the ballots).

### III.  CONCLUSION

Upon the foregoing, the Court concludes that Plaintiffs do not have standing to sue Defendant Chris Wright, the Commissioner of the Department of Public Safety.  For this reason, Defendant Wright's motion to dismiss (doc. no. 17) is **GRANTED**.  The Clerk shall terminate Defendant Wright as a party in the case.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

CHRISTOPHER BAUGHCUM, JR.; ZANE     *
MEYERS; SOPHIE LONG; and            *
FIREARMS POLICY COALITION, INC.,    *
                                    *
     Plaintiffs,                    *
                                    *
v.                                  *        CV 321-036
                                    *
GENOLA JACKSON, in her individual   *
capacity and in her official        *
capacity as Judge of the Laurens    *
County Probate Court; JANICE D.     *
SPIRES, in her individual capacity  *
and in her official capacity as     *
Judge of the Houston County Probate *
Court; and KATHRYN B. MARTIN, in    *
her individual capacity and in her  *
official capacity as Judge of the   *
Lamar County Probate Court;         *
                                    *
     Defendants.                    *

_____

**O R D E R**
_____

On May 20, 2021, Plaintiffs Christopher Baughcum, Jr., Zane

Myers, and Sophie Long, who are between the ages of 18 and 21,

initiated this lawsuit against the three probate judges who are

responsible for administering the laws governing Georgia's weapons

carry license in each Plaintiff's respective county of residence.[1]

_____

[1]  Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a non-
profit organization existing to defend and promote citizens'
Second Amendment right to keep and bear arms.  The individual
Plaintiffs are members of FPC, which brings this action on their

Through their complaint, Plaintiffs wish to be placed on equal footing in obtaining a Georgia weapons carry license as "qualified adults of all other ages." (Compl., Doc. No. 1, ¶ 7.) In April 2022, Georgia enacted "permitless carry" legislation that repealed the legislative *requirement* to obtain a weapons carry license in order to carry a concealed handgun in public. See Georgia Constitutional Carry Act, 2022 Ga. Laws 596 (S.B. 319) (eff. Apr. 12, 2022) ("Georgia CCA" hereinafter). Nevertheless, the ability to obtain a weapons carry license remains, and a license is still issued by the county probate judge. Also, the age requirement to be a "lawful weapons carrier" with or without a license remains 21 years or older.[2]

## I. Statutory Background

The ability of persons to carry a loaded handgun in public is governed by provisions in Georgia's criminal code under "Carrying and Possession of Firearms." See generally O.C.G.A. §§ 16-11-126 and -129. Prior to the Georgia CCA, a person who wished to carry a loaded handgun in public had to obtain a valid Georgia weapons

---

behalf as well as all other 18 to 20-year old members who are unable to obtain a Georgia weapons carry license under the existing law.

[2] There is an exception for persons who are 18 years of age and have served in the armed forces of the United States. See O.C.G.A. § 16-11-129(b)(2)(A).

carry license, see O.C.G.A. § 16-11-126(h)(1) (2021), assuming no legal exception to this requirement applied under O.C.G.A. § 16-11-126(a)-(f) (2021). The failure to do so would constitute the offense of carrying a weapon without a license. O.C.G.A. § 16-11-126(h)(2) (2021).

Section 16-11-129 governs the application, issuance, and renewal process for weapons carry licenses, providing that the judges of probate court in Georgia **shall issue** a license to eligible individuals. The statute sets forth the circumstances in which an individual is ineligible to receive a license. Relevant to this case is the exception that "[n]o weapons carry license shall be issued to . . . [a]ny person younger than 21 years of age." O.C.G.A. § 16-11-129(b)(2)(A). This is the provision that Plaintiffs challenge in their complaint.

While the ability to obtain a weapons carry license from a county probate judge still exists, the Georgia CCA eliminated it as a requirement to carry. Now, generally speaking, any "lawful weapons carrier" may carry concealed handguns in public places without a license issued by a probate judge. See O.C.G.A. § 16-11-126(a)-(f). The law defines a "lawful weapons carrier" as a person who is eligible to obtain a Georgia weapons carry license under § 16-11-129, see O.C.G.A. § 16-11-125.1(2.1), which still requires an applicant to be 21 years of age or older. Thus,

3

Plaintiffs remain ineligible to carry a concealed handgun in public.

## II. Article III's Justiciability Requirements

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies." The Eleventh Circuit Court of Appeals has explained that at the heart of the Article III case or controversy requirement, there are "three strands of justiciability doctrine-standing, ripeness, and mootness." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).

"The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." Digital Prop., Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997). As the Eleventh Circuit has put it, courts must resolve whether a claim is "sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." Cheffer v. Reno, 55 F.3d 1517, 1524 (11th Cir. 1995); see also Wollschlaeger v. Governor, Fla., 848 F.3d 1293, 1304 (11th Cir. 2017) (stating that ripeness is a "justiciability doctrine designed to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract

4

disagreements" (cleaned up and citations omitted)). In this case, the Probate Judge Defendants contend that the constitutional claim concerning a denied application for a Georgia weapons carry license is not ripe because Plaintiffs have not applied for one. The Court agrees.

The parties in the case focus their briefing on whether this is a pre-enforcement challenge case from a prosecutorial standpoint. Yet, the application process for a weapons carry license from the Probate Judge Defendants does not involve a threat of prosecution. That is, prior to the question of whether there is a credible threat of prosecution should Plaintiffs carry a concealed handgun in public without a license is the question of whether they have been denied a license from their county probate judges. Plaintiffs have failed to take this necessary step in order to legally challenge the conduct of the Probate Judge Defendants in the manner in which they do in their complaint. Thus, Plaintiff have asked this Court to become entangled in an abstract disagreement between Plaintiffs and the Probate Judge Defendants. The Court declines to do so.

For the same reason, Plaintiffs have failed to show they have standing to challenge the constitutionality of the Probate Judge Defendants' conduct. Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress

5

for a legal wrong." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). To establish standing, a litigant must show that he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id.

In this case, Plaintiffs have not suffered "an injury in fact" because they have not been denied a Georgia weapons carry license. More importantly, they have not suffered an injury "fairly traceable" to the conduct of the Probate Judge Defendants. This element of standing is essentially one of causation. The Probate Judge Defendants have not *caused* any harm to Plaintiffs because they have never engaged with Plaintiffs in any manner whatsoever. In short, without having been denied a Georgia weapons carry license by the Probate Judge Defendants, Plaintiffs do not have standing to challenge their conduct.

Finally, the Court concludes that the issues presented in this case are moot after the passage of the Georgia CCA. "A case becomes moot — and therefore no longer a 'Case' or 'Controversy' for purposes of Article III — 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). The Eleventh Circuit has held that "a case must be dismissed as moot if events

6

that occur subsequent to the filing of a lawsuit deprive the court of the ability to give the plaintiff meaningful relief." Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1267 (11th Cir. 2020). As stated by a sister court, "[a] claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome." Metro. Delivery Corp. v. Teamsters Local Union 769, 2020 WL 5027415, at *3 (S.D. Fla. Jul. 7, 2020) (cited sources omitted); see also Flast v. Cohen, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented.").

In this case, Plaintiffs' complaint centers around their inability to carry a loaded handgun in public because of their age. They named their county probate judges as Defendants because at the time a Georgia weapons carry license was required for any Georgia adult resident to carry a loaded handgun in public (unless an exception applied). Plaintiffs sought a declaratory judgment that this age ban from obtaining a license is unconstitutional, and they sought to enjoin enforcement of the ban by the Probate Judge Defendants. Now, the Court cannot afford the relief that Plaintiffs requested from the Probate Judge Defendants because they are prohibited from carrying a firearm in public regardless of whether the Probate Judge Defendants issue a license to them.

Stated another way, the Probate Judge Defendants have no further concern over the exclusion of 18 to 20-year-olds carrying a concealed handgun in public. Thus, the issue has become moot as to the Probate Judge Defendants.

### III. Conclusion

Upon the foregoing, Plaintiffs have not presented a case or controversy between themselves and the Probate Judge Defendants within the meaning of Article III. Thus, the Court does not have jurisdiction over their claims. Accordingly, the case is hereby **DISMISSED**. The Clerk is directed to **TERMINATE** all pending motions and **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this _6th_ day of October, 2022.

_____
UNITED STATES DISTRICT JUDGE

8

# EXHIBIT C

AO 450 (GAS Rev 09/20) Judgment in a Civil Case

# United States District Court
## *Southern District of Georgia*

CHRISTOPHER BAUGHCUM, JR. et al.,

Plaintiffs,

**JUDGMENT IN A CIVIL CASE**

**V.**

CASE NUMBER: CV321-36

GENOLA JACKSON et al.,

Defendants,

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☑ **Decision by Court.** This action came before the Court. The issues have been considered and a decision has been rendered.

### IT IS ORDERED AND ADJUDGED

that, pursuant to the Order of the Court dated October 6, 2022, Plaintiffs' complaint is dismissed.

This case stands closed.

October 6, 2022

Date

John E. Triplett, Clerk of Court

Clerk

*(By) Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

CHRISTOPHER BAUGHCUM, JR.; ZANE        *
MEYERS; SOPHIE LONG; and               *
FIREARMS POLICY COALITION, INC.,       *
                                       *
      Plaintiffs,                      *
                                       *
v.                                     *        CV 321-036
                                       *
GENOLA JACKSON, in her individual      *
capacity and in her official           *
capacity as Judge of the Laurens       *
County Probate Court; JANICE D.        *
SPIRES, in her individual capacity     *
and in her official capacity as        *
Judge of the Houston County Probate    *
Court; and KATHRYN B. MARTIN, in       *
her individual capacity and in her     *
official capacity as Judge of the      *
Lamar County Probate Court;            *
                                       *
      Defendants.                      *

_____

O R D E R
_____

On May 20, 2021, Plaintiffs Christopher Baughcum, Jr., Zane
Myers, and Sophie Long, who are between the ages of 18 and 21,
initiated this lawsuit against the three probate judges who are
responsible for administering the laws governing Georgia's weapons
carry license in each Plaintiff's respective county of residence.[1]

_____

[1]    Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a non-
profit organization existing to defend and promote citizens'
Second Amendment right to keep and bear arms.  The individual
Plaintiffs are members of FPC, which brings this action on their

Through their complaint, Plaintiffs wish to be placed on equal footing in obtaining a Georgia weapons carry license as "qualified adults of all other ages." (Compl., Doc. No. 1, ¶ 7.) In April 2022, Georgia enacted "permitless carry" legislation that repealed the legislative *requirement* to obtain a weapons carry license in order to carry a concealed handgun in public. See Georgia Constitutional Carry Act, 2022 Ga. Laws 596 (S.B. 319) (eff. Apr. 12, 2022) ("Georgia CCA" hereinafter). Nevertheless, the ability to obtain a weapons carry license remains, and a license is still issued by the county probate judge. Also, the age requirement to be a "lawful weapons carrier" with or without a license remains 21 years or older.[2]

## I. Statutory Background

The ability of persons to carry a loaded handgun in public is governed by provisions in Georgia's criminal code under "Carrying and Possession of Firearms." See generally O.C.G.A. §§ 16-11-126 and -129. Prior to the Georgia CCA, a person who wished to carry a loaded handgun in public had to obtain a valid Georgia weapons

---

behalf as well as all other 18 to 20-year old members who are unable to obtain a Georgia weapons carry license under the existing law.

[2] There is an exception for persons who are 18 years of age and have served in the armed forces of the United States. See O.C.G.A. § 16-11-129(b)(2)(A).

carry license, see O.C.G.A. § 16-11-126(h)(1) (2021), assuming no legal exception to this requirement applied under O.C.G.A. § 16-11-126(a)-(f) (2021). The failure to do so would constitute the offense of carrying a weapon without a license. O.C.G.A. § 16-11-126(h)(2) (2021).

Section 16-11-129 governs the application, issuance, and renewal process for weapons carry licenses, providing that the judges of probate court in Georgia **shall issue** a license to eligible individuals. The statute sets forth the circumstances in which an individual is ineligible to receive a license. Relevant to this case is the exception that "[n]o weapons carry license shall be issued to . . . [a]ny person younger than 21 years of age." O.C.G.A. § 16-11-129(b)(2)(A). This is the provision that Plaintiffs challenge in their complaint.

While the ability to obtain a weapons carry license from a county probate judge still exists, the Georgia CCA eliminated it as a requirement to carry. Now, generally speaking, any "lawful weapons carrier" may carry concealed handguns in public places without a license issued by a probate judge. See O.C.G.A. § 16-11-126(a)-(f). The law defines a "lawful weapons carrier" as a person who is eligible to obtain a Georgia weapons carry license under § 16-11-129, see O.C.G.A. § 16-11-125.1(2.1), which still requires an applicant to be 21 years of age or older. Thus,

3

Plaintiffs remain ineligible to carry a concealed handgun in public.

## II.  Article III's Justiciability Requirements

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies." The Eleventh Circuit Court of Appeals has explained that at the heart of the Article III case or controversy requirement, there are "three strands of justiciability doctrine-standing, ripeness, and mootness." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).

"The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." Digital Prop., Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997).  As the Eleventh Circuit has put it, courts must resolve whether a claim is "sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." Cheffer v. Reno, 55 F.3d 1517, 1524 (11th Cir. 1995); see also Wollschlaeger v. Governor, Fla., 848 F.3d 1293, 1304 (11th Cir. 2017) (stating that ripeness is a "justiciability doctrine designed to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract

4

disagreements" (cleaned up and citations omitted)). In this case, the Probate Judge Defendants contend that the constitutional claim concerning a denied application for a Georgia weapons carry license is not ripe because Plaintiffs have not applied for one. The Court agrees.

The parties in the case focus their briefing on whether this is a pre-enforcement challenge case from a prosecutorial standpoint. Yet, the application process for a weapons carry license from the Probate Judge Defendants does not involve a threat of prosecution. That is, prior to the question of whether there is a credible threat of prosecution should Plaintiffs carry a concealed handgun in public without a license is the question of whether they have been denied a license from their county probate judges. Plaintiffs have failed to take this necessary step in order to legally challenge the conduct of the Probate Judge Defendants in the manner in which they do in their complaint. Thus, Plaintiff have asked this Court to become entangled in an abstract disagreement between Plaintiffs and the Probate Judge Defendants. The Court declines to do so.

For the same reason, Plaintiffs have failed to show they have standing to challenge the constitutionality of the Probate Judge Defendants' conduct. Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress

5

for a legal wrong." <u>Spokeo, Inc. v. Robins</u>, 578 U.S. 330, 338 (2016). To establish standing, a litigant must show that he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." <u>Id.</u>

In this case, Plaintiffs have not suffered "an injury in fact" because they have not been denied a Georgia weapons carry license. More importantly, they have not suffered an injury "fairly traceable" to the conduct of the Probate Judge Defendants. This element of standing is essentially one of causation. The Probate Judge Defendants have not *caused* any harm to Plaintiffs because they have never engaged with Plaintiffs in any manner whatsoever. In short, without having been denied a Georgia weapons carry license by the Probate Judge Defendants, Plaintiffs do not have standing to challenge their conduct.

Finally, the Court concludes that the issues presented in this case are moot after the passage of the Georgia CCA. "A case becomes moot — and therefore no longer a 'Case' or 'Controversy' for purposes of Article III — 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" <u>Already, LLC v. Nike, Inc.</u>, 568 U.S. 85, 91 (2013) (quoting <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982)). The Eleventh Circuit has held that "a case must be dismissed as moot if events

6

that occur subsequent to the filing of a lawsuit deprive the court of the ability to give the plaintiff meaningful relief." <u>Keohane v. Fla. Dep't of Corr. Sec'y</u>, 952 F.3d 1257, 1267 (11th Cir. 2020). As stated by a sister court, "[a] claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome." <u>Metro. Delivery Corp. v. Teamsters Local Union 769</u>, 2020 WL 5027415, at *3 (S.D. Fla. Jul. 7, 2020) (cited sources omitted); <u>see also</u> <u>Flast v. Cohen</u>, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented.").

In this case, Plaintiffs' complaint centers around their inability to carry a loaded handgun in public because of their age. They named their county probate judges as Defendants because at the time a Georgia weapons carry license was required for any Georgia adult resident to carry a loaded handgun in public (unless an exception applied). Plaintiffs sought a declaratory judgment that this age ban from obtaining a license is unconstitutional, and they sought to enjoin enforcement of the ban by the Probate Judge Defendants. Now, the Court cannot afford the relief that Plaintiffs requested from the Probate Judge Defendants because they are prohibited from carrying a firearm in public regardless of whether the Probate Judge Defendants issue a license to them.

Stated another way, the Probate Judge Defendants have no further concern over the exclusion of 18 to 20-year-olds carrying a concealed handgun in public. Thus, the issue has become moot as to the Probate Judge Defendants.

### III.  Conclusion

Upon the foregoing, Plaintiffs have not presented a case or controversy between themselves and the Probate Judge Defendants within the meaning of Article III. Thus, the Court does not have jurisdiction over their claims. Accordingly, the case is hereby **DISMISSED**. The Clerk is directed to **TERMINATE** all pending motions and **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this _6th_ day of October, 2022.

_____
UNITED STATES DISTRICT JUDGE

8

AO 450 (GAS Rev 09/20) Judgment in a Civil Case

# United States District Court
### *Southern District of Georgia*

CHRISTOPHER BAUGHCUM, JR. et al.,

    Plaintiffs,

              **V.**

GENOLA JACKSON et al.,

    Defendants,

### JUDGMENT IN A CIVIL CASE

CASE NUMBER: CV321-36

☐  **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☑  **Decision by Court.** This action came before the Court. The issues have been considered and a decision has been rendered.

### IT IS ORDERED AND ADJUDGED

that, pursuant to the Order of the Court dated October 6, 2022, Plaintiffs' complaint is dismissed.

This case stands closed.



October 6, 2022
_____
Date

John E. Triplett, Clerk of Court
_____
Clerk

_____
*(By) Deputy Clerk*

GAS Rev 10/2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

CHRISTOPHER BAUGHCUM, JR.; ZANE      *
MEYERS; SOPHIE LONG; and             *
FIREARMS POLICY COALITION, INC.,     *
                                     *
     Plaintiffs,                     *
                                     *
v.                                   *      CV  321-036
                                     *
GENOLA JACKSON, in her individual    *
capacity and in her official         *
capacity as Judge of the Laurens     *
County Probate Court; JANICE D.      *
SPIRES, in her individual capacity   *
and in her official capacity as      *
Judge of the Houston County Probate  *
Court; KATHRYN B. MARTIN, in her     *
individual capacity and in her       *
official capacity as Judge of the    *
Lamar County Probate Court; and      *
CHRIS WRIGHT, in his individual      *
capacity and in his official         *
capacity as Commissioner of the      *
Department of Public Safety,         *
                                     *
     Defendants.                     *

---------

**O R D E R**

---------

Presently before the Court is Defendant Chris Wright's motion to dismiss the Complaint as against him on the basis of standing. Upon consideration of the Complaint, the parties' briefs, and the relevant law, the motion to dismiss Defendant Chris Wright is **GRANTED** for the following reasons.

## I. BACKGROUND

This case involves the constitutionality of Georgia law governing the ability of persons between the ages of 18 and 21 to carry a loaded handgun in public. The statutory framework at issue here is found within Georgia's criminal code under "Carrying and Possession of Firearms." See generally O.C.G.A. §§ 16-11-126 and -129. Section 16-11-126(a)-(f) begins by setting forth numerous circumstances in which a loaded handgun[1] may be carried *without* a valid Georgia weapons carry license.[2] Beyond these exceptions, however, an individual who wishes to carry a loaded handgun in public must obtain a valid Georgia weapons carry license. O.C.G.A. § 16-11-126(h)(1). The failure to do so constitutes the offense of carrying a weapon without a license, and a first offense is punishable as a misdemeanor. O.C.G.A. § 16-11-126(h)(2).

Section 16-11-129 governs the application, issuance, and renewal process for weapons carry licenses, providing that the "judge[s] of probate court" in Georgia "shall issue" a license to eligible individuals. The statute sets forth the circumstances in which an individual is ineligible to receive a license. Relevant

---

[1] Loaded long guns may be carried in public without a license if carried in an open and fully exposed manner. O.C.G.A. § 16-11-126(b).

[2] Additional exceptions from Georgia's licensing requirements for individuals employed in certain public offices are set forth in O.C.G.A. § 16-11-130.

2

to this case is the exception that "[n]o weapons carry license shall be issued to . . . [a]ny person younger than 21 years of age."  O.C.G.A. § 16-11-129(b)(2)(A).[3]

The individual Plaintiffs in this case, Christopher Baughcum, Jr., Zane Meyers, and Sophie Long, are all between the ages of 18 and 21, are not members of the armed forces, and otherwise meet the eligibility requirements, but are nevertheless ineligible to receive a Georgia weapons carry license because of their age. Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a non-profit organization existing to defend and promote citizens' Second Amendment right to keep and bear arms.  The individual Plaintiffs are members of FPC, which brings this action on their behalf as well as all other 18 to 20-year old members who are unable to obtain a Georgia weapons carry license under the existing law. Through this lawsuit, Plaintiffs seek a declaratory judgment that the age requirement of 21-years-old is unconstitutional and seek an injunction barring enforcement of the challenged provision.

The Defendants include three Georgia probate court judges and the Georgia Commissioner of the Department of Public Safety, Defendant Chris Wright.  The instant motion to dismiss was filed

---

[3] An individual younger than 21 but at least 18 may obtain a weapons carry license if he or she provides proof that he or she completed basic training in the armed forces of the United States and is actively serving or has been honorably discharged from service. O.C.G.A. § 16-11-129(b)(2)(A).

3

by Defendant Wright on the basis that Plaintiffs lack standing to bring their constitutional claims against him.

## II.  Standing Analysis

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies." The Eleventh Circuit Court of Appeals has explained that at the heart of the Article III case or controversy requirement, there are "three strands of justiciability doctrine-standing, ripeness, and mootness." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). This case involves the "standing" strand, which "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).  Whether a litigant has standing to sue "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 494 F.3d 1356, 1359 (11th Cir. 2007) (quotation omitted).

To establish standing, a litigant must show that he or she has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, 578

4

U.S. at 338.  The party invoking federal jurisdiction bears the burden of proving standing.  Lujan v. Defs. of Wildlife, 504 U.S. 555, 661 (1992).

In this case, Defendant Wright claims that Plaintiffs have failed to allege facts sufficient to show that the injury for which they seek redress is fairly traceable to his conduct.  The Complaint points out that Defendant Wright "is responsible for 'furnish[ing] application forms and license forms' for weapons carry or renewal licenses."  (Compl., Doc. No. 1, ¶ 25 (citing O.C.G.A. § 16-11-129(a)(3)(B)(iii)).)  Indeed, the referenced statute provides:  "The Department of Public Safety shall furnish application forms and license forms required by this Code section. The forms shall be furnished to each judge of each probate court within this state at no cost."  O.C.G.A. § 16-11-129(a)(3)(B)(iii). Thus, the law imposes the duty upon Defendant Wright, as Commissioner of the Department of Public Safety, to provide the judges of probate courts with forms congruous with the statute governing the issuance of Georgia's weapons carry licenses.  The law does not impose upon the Commissioner or any part of the Department of Public Safety the duty to review completed applications or to determine whether the applicants are eligible for a license.  That responsibility falls upon the county probate court judges.  See O.C.G.A. § 16-11-129(a)(1) ("The judge of the

5

probate court of each county shall, on application under oath, on payment of a fee of $30.00, and on investigation of the applicant pursuant to subsections (b) and (d) of this Code section, issue a weapons carry license . . . .").  Defendant Wright's supply of forms to the probate courts does not grant him any authority or control over the decision to issue a license.  Thus, the denial of licenses to persons under the age of 21 is not fairly traceable to Defendant Wright's conduct.

Plaintiffs respond that the content of the forms, i.e., the solicitation of the applicant's age which is pertinent to the eligibility inquiry, is sufficient to show traceability.  Yet, Plaintiffs acknowledge, as they must, that the probate court judges are responsible for the actual licensing decision.  Article III standing requires a causal connection between a plaintiff's injury and the defendant's challenged conduct.  See Lujan, 504 U.S. at 560 (explaining that a plaintiff's injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party").  Here, Plaintiffs fail to show that the probate court judge's decision to grant or deny an application is in any way dependent upon or caused by the wording of the application form provided by Defendant Wright.  The alleged injury is the denial of a Georgia weapons carry license; this injury is not fairly traceable to Defendant Wright's provision

6

of forms to the probate courts.  Cf. Jacobson v. Fla. Sec'y of State, 974 F.3d 1236, 1253-55 (11th Cir. 2020) (in a challenge to an election law that placed an incumbent's name on a ballot first in a gubernatorial election, the court concluded that plaintiffs had no standing to sue the Secretary of State, Florida's chief election officer, because the law tasked county supervisors (over which the Secretary of State had no control) with the duty to print the ballots).

### III.  CONCLUSION

Upon the foregoing, the Court concludes that Plaintiffs do not have standing to sue Defendant Chris Wright, the Commissioner of the Department of Public Safety.  For this reason, Defendant Wright's motion to dismiss (doc. no. 17) is **GRANTED**.  The Clerk shall terminate Defendant Wright as a party in the case.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE