IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| CHRISTOPHER BAUGHCUM, JR.; ZANE MEYERS; SOPHIE LONG; and FIREARMS POLICY COALITION, INC.; | * * * * |
| Plaintiffs, | * * |
| v. | * CV 321-036 |
| | * |
| GENOLA JACKSON, in her individual capacity and in her official capacity as Judge of the Laurens County Probate Court; JANICE D. SPIRES, in her individual capacity and in her official capacity as Judge of the Houston County Probate Court; KATHRYN B. MARTIN, in her individual capacity and in her official capacity as Judge of the Lamar County Probate Court; and CHRIS WRIGHT, in his individual capacity and in his official capacity as Commissioner of the Department of Public Safety, | * * * * * * * * * * * * * * * |
| Defendants. | * * |

ORDER

On October 6, 2022, the Court dismissed the captioned matter because it was non-justiciable under Article III of the United States Constitution. The Court had determined that the three individual Plaintiffs lacked standing to sue any of the Defendants[1]

---

[1] The Court had earlier dismissed Defendant Chris Wright from the case due to a lack of standing. (Order of Apr. 5, 2022, Doc. No. 40.)

and that the case was both moot and unripe. (Doc. No. 43.) Because of the dismissal, Plaintiffs' pending motion for summary judgment on the constitutionality of the applicable gun laws was not addressed.

On February 9, 2024, the Eleventh Circuit Court of Appeals issued its published opinion, affirming in part and reversing in part the dismissal of the case. (Doc. No. 49.) In particular, the Circuit Court affirmed the dismissal of Defendant Chris Wright, but reversed the Court's determinations on the issues of standing, ripeness and mootness. Nevertheless, the Circuit Court expressed concern over whether the claims of two of the individual Plaintiffs, Zane Meyers and Sophie Long, are now moot because they have turned 21 years old.[2]

Upon the foregoing, and the Judgment in this action having been affirmed in part and reversed in part by the United States Court of Appeals for the Eleventh Circuit, **IT IS HEREBY ORDERED** that the judgment of the United States Court of Appeals for the Eleventh Circuit is made the Judgment of this Court. Thereupon, the parties shall meet and confer in an effort to provide a proposed scheduling order in the case. The parties should consider

---

[2] In addition to directing this Court to revisit the mootness issue for Plaintiffs Meyers and Long, the Circuit Court also expressed that this Court may wish to evaluate whether the Firearms Policy Coalition, Inc., has made allegations and presented sufficient evidence of its membership to meet any mootness challenge.

whether there is a further need for discovery and whether the mootness issue is a matter that requires separate briefing and an evidentiary hearing. The Court will require summary judgment proceedings to begin anew. The parties shall present their scheduling proposals, though preferably there will be a joint proposal, within fourteen (14) days hereof. Further, the Clerk of Court is directed to let the docket reflect that all parties except Defendant Chris Wright are active case participants. The parties are directed to eliminate Defendant Chris Wright from all future pleadings.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of February, 2024.

_____
UNITED STATES DISTRICT JUDGE